## BARRETT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1925.)

No. 4334.

**1. Searches and seizures ⊜⇒3—Search warrant not invalidated by omission of name.**

A search warrant is not invalidated by omission of the name of the proprietor of the premises to be searched.

**2. Bail ⊜⇒52—Amount of bond should not be prohibitive.**

The penalty of a supersedeas or bail bond should be fixed at such amount as seems necessary to secure the appearance of defendant, but not at an amount which is prohibitive.

In Error to the District Court of the United States for the Western Division of

the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Bud Barrett. Judgment of conviction, and defendant brings error. Affirmed.

Allen J. Seney, of Toledo, Ohio, for plaintiff in error.

Dana L. Sears, Asst. U. S. Atty., of Toledo, Ohio.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error and three others [1] were convicted upon counts 1 and 4 of an indictment, the first count charging a conspiracy under section 37 of the Penal Code (Comp. St. § 10201), unlawfully to possess and sell intoxicating liquors of prohibited alcoholic content and fit for beverage purposes, and to maintain a common nuisance forbidden by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the fourth count charging the substantive offense of maintaining a common nuisance as defined by section 21 of title 2 of the act. All four defendants were convicted upon the first and fourth counts; Payne having pleaded guilty to the second, third, and fourth counts, and the second and third being later quashed on motion of plaintiff in error. The only criticisms urged here relate to an alleged insufficiency of evidence to support conviction and to the charge of the court.

We think there was evidence enough to sustain the conviction of plaintiff in error. There was testimony that on January 23, 1924, when the place in question was raided by the prohibition agents, unlawful selling of liquor was found in full operation; that plaintiff in error had then been there about an hour; that all four defendants were there; that Blackburn was filling a bottle with "illicit whisky"; that plaintiff in error was standing "up against a sort of counter," with a "handful of money" or "a handful of change in his hand," which he was "jingling" or counting (or moving up and down the hand containing the money), to use the phrases of different witnesses, one of whom said that some of the money was lying "on the counter or dresser or something, and it appeared that he [Barrett] was counting the money." There was also testimony that, when the agents had seized about two gallons of whisky, and were searching for more liquor, plaintiff in error said: "There is no more liquor here. You have it all." Payne and Blackburn were then and there arrested and put in jail. When the officers returned the next day, the place was still open, and Bridwell there. The other defendants were not there. Blackburn's testimony on the trial would support a conclusion that he was in the habit of frequenting in the evenings the pool room of plaintiff in error, located about a block away from the place in question. The testimony, taken together, tended to sustain an inference that there was more or less intimacy between the defendants, and that there was a directing hand among them. In view of the evidence, we think the jury was justified in inferring that the statement of plaintiff in error that the officers had seized all the liquor was the utterance of a proprietor, whether or not the sole proprietor.

[1] As to the charge: Under the contention that the search warrant was invalid, and so precluded the use of the things seized as evidence, complaint is made of the court's instruction that the jurors need not trouble themselves "about the way the officers got in there. The court's theory of this case is that they got in entirely consistent with every provision of law." The search warrant was not produced on the trial. The only criticism which seems to be made of it is that the name of neither plaintiff in error nor any other alleged proprietor of the place was mentioned in it, although it did give the correct street and number of the place to be searched. We think the criticism not well made. The omission of the name of the proprietor did not invalidate the warrant. Cf. Rothlisberger v. United States (C. C. A. 6) 289 F. 72, 73. Nor, upon this record, would it appear that a search warrant was necessary. There was no express testimony that the place was used as a dwelling; there was affirmative testimony that it was not. There was no testimony that the place was locked, or that any breaking or trespassing was necessary or committed in the entry. The inference would be that the place was running "wide open." It does not affirmatively appear that there was any seizure until after the discovery by the agents of the unlawful selling and unlawful possession.

Nor do we think the jury likely to have been confused or misled by the court's distinction between *legal effect* and *fact effect* of certain evidence. The record does not indicate that plaintiff in error failed to obtain a fair trial.

---

[1] Payne, Blackburn, and Bridwell.

Conviction of plaintiff in error upon the first and fourth counts was not necessarily inconsistent with Payne's plea of guilty as above stated.

[2] In affirming, as we do, the conviction of plaintiff in error, we are constrained to say that we think the penalty of the supersedeas bond under the writ of error, which was fixed at $20,000, was excessive. See Hanes v. United States (C. C. A. 6) 299 F. 296, 297. It seems evident that the amount so required was prohibitive. The prompt hearing and decision of the case upon the merits has made it unnecessary to enter any final order upon the application of plaintiff in error to this court to have bail allowed and reduced.