(No. 20547.—

THE PEOPLE *ex rel.* James Fur Sammons, Petitioner, *vs.* BERNARD W. SNOW, Bailiff, *et al.* Respondents.

*Announced orally October 16, 1930.*

EVERETT JENNINGS, and W. W. SMITH, for petitioner.

JOHN A. SWANSON, State's Attorney, (Q. J. CHOTT, and HARRY S. DITCHBURNE, of counsel,) for respondents.

Mr. CHIEF JUSTICE DUNN announced the decision of the court:

On October 8 a petition was presented on behalf of James Fur Sammons for a writ of *habeas corpus* for the purpose of being admitted to bail in a reasonable amount to be fixed by the court, upon a charge of vagrancy, under which he is confined in the county jail in the custody of the respondents, Bernard W. Snow, who is the bailiff of the municipal court of Chicago, and John E. Traeger, who is

the sheriff of Cook county. An information was filed in the municipal court of Chicago, upon which a warrant was issued on October 2 charging the petitioner with the crime of vagrancy and endorsed, "Bail $10,000." The defendant appeared in court in person and by attorneys for the purpose of giving bond before one of the judges of the municipal court, and upon the motion of the State's attorney the judge increased the amount of bail upon the charge of vagrancy to $50,000. The writ of *habeas corpus* was issued and a return to the writ has been made by the respondents, Bernard W. Snow, the bailiff of the municipal court, saying that he has not the custody of the body of the petitioner and therefore cannot produce his body in court as commanded by the writ, and the sheriff, John E. Traeger, showing that he has the custody of the petitioner under written authority issued out of the municipal court of Chicago, a copy of which he attaches to his return. The authority so shown is a *mittimus* issued out of the municipal court on October 2, 1930, committing the petitioner to the common jail of Cook county, to be kept until the final judgment of the court or until he shall give bail as required by the court, and showing the amount of bail required to be $50,000. The petitioner has entered a motion that the court fix the bail to be given by him on the charge of vagrancy in a reasonable sum, and the petitioner and the respondents have united in a motion to submit the cause upon the petition, the return and the suggestions of counsel for the respective parties which have been filed.

The facts which have been stated appear from the petition, the returns to the writ and the suggestions which have been filed by the parties. The maximum penalty for the crime with which the petitioner is charged is imprisonment at hard labor upon the streets or highways, or in the jail, calaboose or other buildings used for penal purposes, or the house of correction, for a term not less than ten days and not exceeding six months, or a fine of not less than $20 nor

more than $100 and costs of suit. On that charge he is now in the custody of the sheriff.

All persons charged with crime have a right to be admitted to bail before conviction except for capital offenses where the proof is evident or the presumption great. This right is guaranteed by the bill of rights of the constitution of this State, and all courts are bound to give persons accused of crime the benefit of that right as declared in section 7 of article 2, providing, "all persons shall be bailable by sufficient sureties except for capital offenses where the proof is evident or the presumption great." The object of bail is to make certain the defendant's appearance in court to abide the judgment of the court. Bail is not allowed or refused on account of the presumed guilt or innocence of the person accused, though the existence of a doubt as to the accused's guilt and the probability of his appearing for trial are questions which must be considered in determining the amount of the bail to be required. It is also proper to take into consideration on that question the character of the person accused, and the fact, if it is a fact, that he has a criminal record, but excessive bail is not to be required for the purpose of preventing the prisoner from being admitted to bail. It is not a valid objection to the amount of bail required that it is greater than the prisoner is able to give, if the bail fixed is not of itself unreasonable in amount, to secure his attendance to answer for the crime with which he is charged.

A rule of the municipal court provides in regard to cash bail that any defendant arrested in a criminal case in which the municipal court has original jurisdiction, or any quasi-criminal case, may, in lieu of giving bail for his appearance, deposit with the clerk, or with any chief of police, captain of police, lieutenant of police or desk sergeant of police, a sum of money which is fixed at different amounts for a violation of various sections of the Chicago code, for assault and battery and for bastardy cases, and further pro-

vides that the amount of the deposit in all other cases shall be a sum equivalent to the maximum fine provided as a punishment for the offense. That rule has no application to this case. It provides only for the amount of cash bail which may be deposited with the clerk or various police officers in lieu of other bail for his appearance and does not limit the amount which may be fixed ·by the court. In this case, where the punishment may be a fine of $100 or imprisonment for six months, the rule furnishes no basis whatever for fixing bail, and the amount of bail which may be fixed is a reasonable amount to secure the attendance of the person accused, under the circumstances of each case.

There appears in this case a long criminal record of the defendant, showing that in 1900 he was sentenced to the Pontiac reformatory for rape and was subsequently paroled; that in 1904 he was sentenced to the Joliet penitentiary for robbery; that on May 28, 1904, he was taken from the penitentiary, was tried and convicted of murder and sentenced to be hanged on June 17, 1904, but was reprieved on June 16, and his sentence was commuted to life imprisonment. On June 10, 1917, he escaped, but on October 4, 1917, he was returned from his escape. On July 28, 1923, he was paroled and was discharged on January 28, 1926. On August 12, 1927, he was sentenced to the Federal penitentiary at Leavenworth and fined $1500 for conspiracy against the laws of the United States. He was discharged from this imprisonment on October 28, 1928. And in addition to the vagrancy charge there are pending against him three indictments, namely, assault with intent to murder, driving while intoxicated, and carrying concealed weapons. This record may be taken into consideration in fixing the amount of bail which would be reasonably sufficient to insure his attendance to answer this comparatively minor charge. But bail to answer this charge cannot be fixed with reference to securing his appearance to answer the other crimes with which he is charged, or at an unreason-

able amount for this charge, merely to detain and imprison him. His record, his character and his criminal activities and tendencies may well be taken into account to increase the amount of bail which should be required of him over that which would be required of an ordinary offender but do not justify fixing the bail on this charge of vagrancy for the purpose of keeping him in jail. The judge in fixing the bail expressly stated, "If I thought he would get out on that I would make it more." The amount of $50,000 could have no other purpose than to make it impossible for him to give the bail and to detain him in custody, and is unreasonable. The constitutional right to be admitted to reasonable bail cannot be disregarded. The judge has no more right to disregard and violate the constitution than the criminal has to violate the law. It is the duty of courts to support and maintain the constitution, and if the judges, who have taken an oath to support the constitution, openly violate it, how can they expect the courts to retain the confidence and respect of the people? A criminal may have forfeited his right to liberty, but neither courts nor any other power have the right to deprive him of it except in accordance with the law of the land. Under the circumstances of this case, in which the extreme penalty is imprisonment at hard labor for six months or a fine of $100, the action of the court in requiring $50,000 bail was unreasonable and violated the constitutional right of the petitioner to be bailed by sufficient sureties. The sum of $5000 is a sufficient amount of bail to be required of the petitioner. He may be arrested under the other charges against him and required to give bail to answer those charges, but he can not be required to give bail sufficient to answer those charges upon the charge for which he is now held.

It is ordered that the petitioner be admitted to bail in the sum of $5000, the recognizance to be taken by the sheriff of Cook county.

*Petitioner ordered to be admitted to bail.*