(No. 22324.—

THE PEOPLE *ex rel.* Earl Smith, Petitioner, *vs.* ROBERT E. BLAYLOCK *et al.* Respondents.

*Opinion filed June 15, 1934.*

Shaw, J., dissenting.

Arthur E. Church, for petitioner.

Otto Kerner, Attorney General, Ford L. Rendleman, State's Attorney, and J. J. Neiger, for respondents.

Mr. Justice Herrick delivered the opinion of the court:

The relator, Earl Smith, filed his petition for *habeas corpus* in this court against the defendants. The defendant Robert E. Blaylock is the sheriff of Union county and the defendant Virgil Smith is a justice of the peace of that county. Return to the writ was duly made by the defendants, and the cause was submitted on the petition, the return thereto and copies of certain records made a part of the record in the cause. Pending the final decision of the case the bail of the relator was fixed at the sum of $300 by this court, and a recognizance bond in that amount, with surety, was presented by the relator and approved by this court. On December 15, 1933, under the provisions of section 2 of division 5 of the Criminal Code (Cahill's Stat. 1933, chap. 38, par. 659, p. 1077; Smith's Stat. 1933, p. 1093;) complaint was filed against the relator with the defendant Smith. Warrant was issued for the relator and he was arrested by the sheriff. Pending the hearing the relator was held under $1000 bail, in default of which he

was committed to the county jail. On December 19, 1933, an amended or substituted complaint was filed, by which it was charged, in substance, that the relator on December 14 had "threatened an offense against the Atlas Powder Company, a corporation, and made statements that the powder magazine of the Atlas Powder Company would be blown up next." A hearing was had on the same day before the justice of the peace. It appears from the amended judgment shown in the record that the justice required the relator here to give a recognizance in the sum of $7500, with sufficient surety, to keep the peace for the period of twelve months from December 19 and to pay the costs of the proceeding, taxed at $14.35. The relator not complying with such judgment was ordered confined in the county jail for the period of twelve months or until he was otherwise discharged by due process of law. From this order the relator prayed an appeal to the circuit court of that county, which appeal was allowed and the appeal bond fixed at $7700. On December 23, 1933, the relator tendered his appeal bond in the sum of $200, with sureties thereon, to the justice, who refused to approve the bond. No point was made in the case that the sureties were not solvent.

Sections 6 and 7 of division 5 of the Criminal Code make provision for the justice before whom the hearing is had, in the event he determines there is just reason to fear the commission of the offense threatened, to require the defendant to give a recognizance to keep the peace for a period not exceeding twelve months, in such sum as the magistrate may require. If the defendant recognizes as required he is to be discharged, or otherwise he shall be committed to the county jail by the magistrate for the period for which the defendant was required to give security or until he does give security. Section 9 of the act provides, in substance, that any defendant so required to recognize may appeal from such judgment within twenty

days from its entry to the circuit court of such county, except that in Cook county the appeal shall lie to the criminal court. The bond shall contain a condition that the appellant will pay the costs of the appeal in case the order is affirmed or the appeal dismissed. The statute makes no other provisions for the conditions of the appeal bond.

In deciding this cause we are not passing upon whether the amended complaint stated a sufficient cause for issuance of the warrant.

It is the intention of the statute to provide a method by which threatened breaches of the peace against persons or property may be prevented. The statute does not make the uttering of a threat or the intent of a person to commit an offense against the person or property of another a criminal offense within the legal meaning of the term "criminal offense." A person arrested under the act is not to be fined or committed to jail for the making of such threat or because he may have intended to commit an offense against the person or property of another. If he is held to have made such threat or to have intended to commit such offense he is merely required, under the statute, to give such reasonable security as will act as a deterrent against the consummation of such supposed threat or intent to violate the law in the respect legislated against. While the statute is silent on the subject of the amount of the bond that the magistrate may impose under section 6 on a defendant in that class of proceeding, yet the discretion committed to the magistrate must be exercised reasonably and neither arbitrarily nor tyrannically, ever having in mind that the object of the statute is not to deprive the defendant of his liberty, but merely to exact of him security that he shall keep the peace for the length of time, within the statutory limits, as may be adjudged by the magistrate. The bond required is in the nature of a bail bond. The provisions of section 7 of the bill of rights contemplates the admission to reasonable bail of all persons

charged with a criminal offense, except for capital offenses where the proof is evident or the presumption great. It is the duty of the court to enforce this provision of the bill of rights as applied not only to criminal proceedings but also kindred proceedings. The appeal bond provided by section 9 is a separate bond from that provided by section 6. The giving of such appeal bond does not have the effect of staying the giving of the bond required by section 6. Section 9 does afford a method by which a defendant feeling himself aggrieved by the order of the magistrate may have a trial *de novo* in the circuit court. It may be that he cannot give the required bond to keep the peace even though the amount be reasonable, but can give an appeal bond sufficient to cover the costs accrued before the magistrate and to accrue on the trial of the case in the circuit court. By thus appealing, the defendant, even though held in jail in default of the bond required by section 6, may have a further trial and may be found not guilty and thus be discharged from further incarceration.

The statute is designed to cover the situation of a defendant who can, or only cares to, give an appeal bond, as well as that of the defendant who is financially able and cares to give both bonds. It is obvious that the bond contemplated to be given in case of an appeal is only to cover costs. Ordinarily, on an appeal from a magistrate to a court of record, except in forcible entry and detainer cases, by the provisions of the statute a bond is given in double the amount of the judgment and costs, or if there is no judgment other than costs against the appealing party then a bond in twice the amount of the costs is sufficient. Where the party can give an appeal bond sufficient to cover the costs he is permitted to do so under section 9. If he is not able to give the bond required under section 6 but does perfect his appeal as provided by section 9, pending the outcome of his appeal he is confined in jail, but the defendant in such proceeding must be given an opportunity

to appeal without being required in the same bond to include as a part of the penalty of the bond the amount of the bond required by section 6.

The bond of $200 tendered by the relator in order to appeal was more than that contemplated by the statute and should have been accepted and approved by the justice. The giving of the appeal bond did not entitle the relator to a discharge from custody pending the hearing of his appeal. Another additional and different bond is required for that purpose under section 6. The refusal of the magistrate to approve the bond was unwarranted and in violation of the provisions of section 9 of the statute. The fixing of the appeal bond at $7700 was unreasonable, oppressive and in disregard of the rights of the relator. It clearly deprived him of his statutory right to appeal and insured his confinement in the county jail for a year. To require the relator to give a grossly excessive appeal bond in order to appeal from the charge lodged against him by the amended complaint was to deprive him of his statutory right to appeal on giving a reasonable bond. Under the record here made, the order of the magistrate requiring the relator to recognize in the sum of $7500 to keep the peace for the period of twelve months was unwarranted and violative of his constitutional rights. *People* v. *Snow,* 340 Ill. 464.

It is the order of this court that the relator herein be permitted to give a recognizance, with sufficient surety thereon, in the sum of $300 to keep the peace, conditioned as provided by statute, the recognizance to be taken and approved by the coroner of Union county, upon the giving and approval of such recognizance the bond heretofore given pursuant to the order of this court to stand discharged.

*Relator ordered to recognize in the sum of $300.*

Mr. JUSTICE SHAW, dissenting.