THE PEOPLE OF THE STATE OF NEW YORK ex rel. SANTOS DELIZ, Respondent, v. THE WARDEN OF THE CITY PRISON (TOMBS), IN THE CITY OF NEW YORK, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, June 19, 1940.

*Whitman Knapp, Deputy Assistant District Attorney,* of counsel [*Stanley H. Fuld, Assistant District Attorney,* with him on the brief; *Thomas E. Dewey, District Attorney*], for the appellant.

*Marc Hermelin,* for the respondent.

TOWNLEY, J. Respondent was arrested on an indictment charging him with perjury arising out of a proceeding whereby he sought

to obtain the custody of his four children who were confined in St. Joseph's Home in Peekskill. He was arraigned in the Court of General Sessions and bail was fixed at $5,000. The circumstance of the alleged offense was such that ultimate conviction of the crime charged is doubtful although a *prima facie* case has been made out. The respondent, being unable to furnish the bail, was brought before the Supreme Court on a writ of habeas corpus for the purpose of reducing bail. The bail was reduced after hearing to $1,000. The district attorney for the purposes of this appeal raises no question as to the propriety of the amount fixed by the Special Term. In view of the way the case is thus presented to us, we are bound to assume that the bail fixed in General Sessions was unreasonably high.

Section 5 of article I of the Constitution of the State of New York provides: " Excessive bail shall not be required nor excessive fines imposed, nor shall cruel and unusual punishments be inflicted, nor shall witnesses be unreasonably detained."

The proper and the only method of obtaining relief from excessive bail in either civil or criminal cases is by a writ of habeas corpus. The district attorney argues, however, that once bail has been fixed by the justice in the Court of General Sessions, no further proceedings can be taken by way of habeas corpus. He bases this claim on section 566 of the Code of Criminal Procedure which provides that " The decision of the judge presiding in the court in which the crime is triable, granting or denying bail, is final, except as provided in section five hundred and sixty-three." Section 563 provides: " If an application for admission to bail, made to a magistrate, be denied, not more than two subsequent applications therefor can be made to other magistrates, except that an application can be made to any magistrate mentioned in subdivision two of section five hundred and fifty-seven, if no application has been previously made to a magistrate mentioned therein."

Section 566 of the Code of Criminal Procedure makes final a decision of a judge fixing bail so far as any review by appeal is concerned. It does not and could not deprive a defendant of the constitutional protection against being held in excessive bail. When that situation appears, relief may be granted by the Supreme Court under a writ of habeas corpus. The relief is granted not as a review of a prior determination fixing bail but in protection of the defendant's constitutional rights.

This power should be exercised only in cases where there has been a real invasion of defendant's constitutional rights and in no case because of a mere difference of opinion as to amount fixed.

In view, however, of the importance of this constitutional protection, the fact that bail has been fixed by another court should not prevent a careful consideration of the question nor call for a denial of relief as a matter of course.

The order should be affirmed.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously affirmed.