**UNITED STATES ex rel. RUBINSTEIN v. MULCAHY, U. S. Marshal.**

**No. 312.**

Circuit Court of Appeals, Second Circuit.

June 14, 1946.

CLARK, Circuit Judge, dissenting.

Leo C. Fennelly, of New York City (Leo C. Fennelly and George Wolf, both of New York City, of counsel), for petitioner-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Irving H. Saypol, Keith Brown, and Samuel Rudykoff, Asst. U. S. Attys., all of New York City, of counsel), for respondent-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The increased bail was, we are told, by far the highest ever set in any criminal case in the Southern District of New York. The offense charged, though a serious one, is not punishable by penalties unusually severe. The urge to flee cannot be unusually great. The ties that bind the petitioner to his home were not shown to be unusually slight. So far as appears, the inference that the relator was planning to flee must be drawn from the fact that he possessed the material means to make that as possible as could ample means which he has made readily available.

■ Yet such ability to flee as that affords does not necessarily indicate a purpose to flee and he is entitled to the opportunity to secure his release pending trial on bail which is not excessive regardless of whether or not he can furnish the half million dollars at which it has been fixed. The purpose of bail before trial is to insure the presence of the accused when required without the hardship of incarceration before guilt has been proved and while the presumption of innocence is to be given effect. The reasonableness of the amount is to be determined by properly striking a balance between the need for a tie to the jurisdiction and the right to freedom from unnecessary restraint before conviction under the circumstances surrounding each particular accused. Moore v. Aderhold, Warden, 10 Cir., 108 F.2d 729, 731; Connley v. United States, 9 Cir., 41 F.2d 49, 50; Bennett v. United States, 5 Cir., 36 F.2d 475. Consideration should be given to the seriousness of the crime charged, the past record and recent action of the accused as bearing upon his good faith in appearing for trial and his financial ability to procure bail. See United States v. Motlow, 7 Cir., 10 F.2d 657, 659; Barrett v. United States, 6 Cir., 4 F.2d 317. We believe the bail fixed in this case was excessive and that the restraint of the petitioner in default of furnishing it was unlawful.

■ His remedy by petition for a writ of habeas corpus after he was restrained was a proper one. See, Colyer v. Skeffington, D.C., 265 F. 17, 78, reversed on other grounds sub nom. Skeffington v. Katzeff, 1 Cir., 277 F. 129; People ex rel. Sammons v. Snow, 340 Ill. 464, 173 N. E. 8, 72 A.L.R. 798. Compare, Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497. The court in habeas corpus proceedings may where excessive bail has been fixed in a criminal prosecution reduce it to a reasonable amount and enlarge the accused on bail so reduced. People ex rel. Deliz v. Warden of City Prison, 1st Dep't, 260 App.Div. 155, 21 N.Y.S.2d 435.

■ Order reversed and cause remanded with directions to grant the writ and fix reasonable bail to insure the relator's appearance in the criminal proceedings. If no additional facts are shown, such bail need not be in excess of $50,000.

CLARK, Circuit Judge (dissenting).

Although the bail set seems to me quite high, I hesitate in this purely collateral proceeding, Johnson v. Hoy, 227 U.S. 245,

247, 33 S.Ct. 240, 57 L.Ed. 497, to rule that the judge had no basis at all for his action. The showing made by the prosecution of the large amount of funds immediately at the disposal of petitioner—many times the amount of the bail set—of the availability of aircraft for flight, of funds sent out of the country, of petitioner's citizenship by naturalization in a country from which extradition cannot be required, and of the lack of definite hardship to a person of the petitioner's means in procuring the bail affords some rational basis for the judge's action, and leaves only the amount set as the cause of reversal. I am not prepared to say that bail of $500,000 is necessarily a violation of the Eighth Amendment. The opinion tends to emphasize the various excuses and explanations which petitioner presented, but the evaluation of these would seem to me primarily a matter for the district judge. I am particularly doubtful of the direction in substance for bail not to exceed $50,000, because this, too, seems to apply an abstract generality as the norm of decision, without consideration of the particular facts and circumstances disclosed as to this petitioner.

I am, however, concerned that, upon the petitioner's application to another judge for reduction of bail, with an apparent showing of some additional facts or some change of circumstances, such as the leasing of the aircraft, it was ruled that the action of the first judge could not or should not be disturbed. I see no basis for thus denying rights to a petitioner which would be freely available had the original judge not been a visitor from another district. It would seem to me the duty of the district court to provide that relief in some fashion, either by calling the visiting judge back or by assignment to another district judge. While I am somewhat doubtful whether this issue is properly before us on a writ of habeas corpus, I should not have protested had our action been placed upon the ground that failure to consider the second petition was an abuse of the court's discretion.