**Orville Clifton LONG, etc., Appellant,**

**v.**

**Allen HAMILTON, Sheriff and Jailer, Jefferson County, Kentucky, etc., Appellee.**

Court of Appeals of Kentucky.

May 13, 1971.

John Tim McCall, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, Ben Rosenbaum, Asst. Commonwealth's Atty., Louisville, for appellee.

VANCE, Commissioner.

An indictment was returned by the grand jury of Jefferson County, Kentucky, charging appellant with unlawful possession and unlawful sale of the narcotic drug heroin. KRS 218.020. The penalties prescribed by law upon conviction of unlawful possession are confinement in the penitentiary for not less than two nor more than ten years and a fine not exceeding $20,000.00 and for illegal sale, imprisonment for not less than five nor more than twenty years and a fine not exceeding $20,000.00. KRS 218.210. At the arraignment proceeding bail was fixed in the amount of $150,000.00 and appellant was committed to jail in default of bail. A motion to reduce the amount of bail was overruled.

Appellant then filed a petition for writ of habeas corpus alleging his illegal detention by reason of excessive bail. This appeal is from an order discharging the writ.

The appellant is married and is the father of two small children. He has resided in Jefferson County most of his lifetime and he is the owner of a building in Louisville which contains a restaurant and four apartments. Only one of the apartments is rented. The appellant purchased this building about two years ago for the sum of $3,850.00 and is currently making payments of $50.00 per month on the unpaid purchase price. For the past two years appellant has been unemployed except for some work done by him repairing the building, but no evidence is before us concerning its present value or the appellant's equity therein. Appellant had $1,480.00 cash on his person at the time of his arrest. Aside from the cash and the building, it has not been shown that he owns any other property.

The appellant was arrested as a result of a "buy" by an undercover narcotics' agent. There was evidence that appellant has a reputation of being the largest supplier of heroin in the east end of Louisville.

Appellant's past criminal record is as follows:

1954 Juvenile delinquency, drunk driving.

1956 Two charges of storehouse breaking, filed away; one charge attempted storehouse breaking, filed away; one charge possession burglary tools, filed away; one charge carrying concealed deadly weapon, convicted.

1957 Security warrant with a juvenile in a stolen car, amended to disorderly conduct, fined; loitering, disposition not shown; possession of burglary tools, filed away; storehouse breaking, two years probated;

operating motor vehicle without the owner's consent, two years served.

1965 Storehouse breaking, two years served.

Since 1965 the appellant has been arrested three or four times, once for shooting dice and the other charges and dispositions were not shown. About six months ago appellant was brought in for questioning about alleged threats to a police officer but no charges were pressed and there is no proof in this record that any such threats were made.

Section 16 of the Constitution of Kentucky provides that all prisoners shall be bailable by sufficient securities, unless for capital offenses when the proof is evident or the presumption great. The 8th Amendment to the Constitution of the United States and Section 17 of the Constitution of Kentucky both provide that excessive bail shall not be required.

■ A defendant in a criminal action is presumed innocent of any charge until convicted. The allowance of bail pending trial honors the presumption of innocence and allows a defendant freedom to assist in the preparation of his defense. The objective of bail is to allow this freedom pending trial and yet guarantee that the defendant will be available for any proceeding necessary to the disposition of the charge. 8 Am. Jur.2d, Bail and Recognizance, Section 4; 8 C.J.S. Bail § 4. Bail is for the purpose of guaranteeing the appearance of the defendant and his compliance with the terms of the bond. Braden v. Lady, Ky., 276 S.W.2d 664 (1955); RCr 4.06.

■ Each case comprises a set of facts and circumstances peculiar to it and there is no rule of law which will automatically determine for every case the amount of bail which may be required without violation of the prohibition against excessiveness. When the offense is bailable, the amount of bail to be required is a matter that addresses itself to the sound discretion of the court based upon the circumstances of that particular case.[1] 8 Am.Jur.2d, Bail and Recognizance, Section 68; 8 C.J.S. Bail § 49; 4 Wharton's Criminal Law and Procedure, Section 1819. Appellate courts will not attempt to substitute their judgment for that of the trial court and will not interfere in the fixing of bail unless the trial court has clearly abused its discretionary power. 8 C.J.S. Bail § 51(1); 4 Wharton's Criminal Law and Procedure, Section 1820.

RCr 4.06 provides:

*"Amount of Bail.* If the defendant is admitted to bail, the amount thereof shall be such as in the judgment of the court will insure compliance with the terms of the bond, having regard to the ability of the defendant to give bail, the nature and circumstances of the offense charged, the weight of the evidence against him, the character and reputation of the defendant and the probability of the defendant's complying with the terms of the bond."

■ It is manifest that the amount of the bail should be that which in the judgment of the court will insure compliance with the terms of the bond. In determining that amount the trial court should give due regard to the ability of the defendant to give bail, the nature and circumstances of the offense charged, the weight of the evidence against him, and the character and reputation of the defendant, but he should regard these factors only to the extent that they have a bearing upon the likelihood that the defendant will flee from the jurisdiction of the court or that he will comply with the terms of the bond.

■ A wealthy man may be required to post a higher bond than a poor man in the same type of case, not simply because he is wealthy, but because the trial court may conclude that the prospect of the forfeiture of a smaller bond would not have sufficient deterrent effect to cause him to comply with

1. See Annotation, 53 ALR 399 covering amount of bail.

its terms. Likewise, a bad reputation or strong evidence of guilt or the severity of the penalties may require a greater bond, but only to the extent that the court feels those circumstances increase the probabilities that the defendant will not comply with the terms of the bond. The amount of the bond must not be fixed with a view toward punishing the prisoner. 8 C.J.S. Bail § 50.

 The circumstances which militate in favor of the accused in this case are that he is married and has a family; that he has lived most of his lifetime in Jefferson County and that he has not been shown to have sufficient resources to enable him to post a large bail. The mere fact, however, that he cannot post bail does not, of itself, indicate excessiveness of the amount of bail. People v. Snow, 340 Ill. 464, 173 N.E. 8, 72 A.L.R. 798; 8 C.J.S. Bail § 50.

That the accused has a long history of law violations with two previous felony convictions; that he is currently unemployed; that his conviction upon the present charges could result in the imposition of severe penalties and his reputation as a principal supplier of narcotics in Louisville are all factors which may increase the probability of flight and which justify the requirement of a large bail.

The record before us does not show the range in the amount of bail that has prevailed heretofore in narcotic cases in Jefferson County. In view of the many criminal cases from all over the Commonwealth that are reviewed by this court, we are not without knowledge of the amounts which are customarily required as bail generally. We are confronted with the proposition that in this case the amount of the bail so greatly exceeds that which is usually required, even in cases where life imprisonment or death may be the penalty, that on its face the bail is excessive in the absence of the showing of some unusual or compelling reason.

As we have indicated there are many circumstances in this case which would justify the requirement of bail in a large amount to insure the appearance of the accused at trial but there was no evidence of intended flight or that the accused was a fugitive when arrested or any other circumstance so unusual as to require bail in an amount so greatly in excess of that generally required under similar circumstances. We therefore feel that the requirement of bail in the amount of $150,000.00 in this case was an abuse of discretion.

We are not unmindful that some defendants, at liberty on bail pending trial of charges, commit other crimes and engage in conduct which focuses attention upon the fact that the charges remain untried. We think that there is an undercurrent of public dissatisfaction at this state of affairs. Nevertheless, the constitutional guarantees to bail remain unaltered. Any attempt to impose excessive bail as a means to deny freedom pending trial of charges amounts to a punishment of the prisoner for charges upon which he has not been convicted and of which he may be entirely innocent. Such a procedure strikes a blow at the liberty of every citizen.

The answer to the problem posed by the increasing number of defendants who commit other crimes while awaiting trial is a speedier trial of the charges against them. Prompt disposition of criminal charges redounds to the benefit of the accused and the public alike.

We also note that RCr 3.06 provides for security in addition to bail which may be required when there are reasonable grounds to believe that the release of a defendant would endanger persons or property.[2]

The judgment is reversed with directions that the trial court fix bail for the appellant in an amount less than $150,000.00 having proper regard for the considerations expressed in this opinion.

2. See Lunsford v. Commonwealth, Ky., 436 S.W.2d 512 (1969) for limitations as to

the amount of security that may be required pursuant to RCr 3.06.

MILLIKEN, C. J., and PALMORE, REED and EDWARD P. HILL, Jr., JJ., concur.

Dissenting opinion by STEINFELD, J.; OSBORNE and NEIKIRK, JJ., join in the dissent.

STEINFELD, Judge (dissenting).

It is my opinion that without the record sustaining its position this court has faulted the trial court in fixing the amount of bail. RCr 4.06 is patterned after judicial decisions. See 8 C.J.S. Bail § 49, P. 132; 8 Am.Jur.2d 824, Bail, § 71. It is designed to assist in the determination of the amount of the appearance bond. The first specified consideration is that the amount should *insure compliance,* words that connote a guarantee of performance. What amount will insure that Orville Clifton Long will comply? His criminal record shows absolute irresponsibility. He is faced with a conviction which calls for a penalty of up to thirty years in the penitentiary and a fine in the maximum amount of $40,000. While I concede that the possibility of his being indicted and tried as an habitual criminal under KRS 431.190 should not be considered in determining the amount of the bail, nevertheless, the thought of life imprisonment on such a charge must be lurking in his mind and may result in non-compliance. With strong evidence against him as indicated by the record, what amount of bail will deter him from becoming a fugitive?

RCr 4.06 furnishes the guides to be considered. The first is the ability of the accused to give bail. While the record shows that Long was unemployed and was without substantial wealth strangely enough when arrested he had approximately $1,-400 in cash on his person. There was no showing that he could or could not pay a substantial premium for a bond.

The court must consider the nature and circumstances of the offense. In this day of determined effort on the part of all divisions of our governments to protect this nation, particularly its youth from those who in their greed for wealth vend heroin, is there a more dastardly crime?

Other matters to be considered are the weight of the evidence, which I have already discussed, and the character and reputation of the defendant. His criminal record and his bad reputation have been reported.

I am of the opinion that this court was without right to declare that bail in the amount of $150,000 is excessive.

OSBORNE and NEIKIRK, JJ., join me in this dissent.