# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  FEBRUARY 16, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0041-TG
(2022-CA-0093)

KERAM CHRISTENSEN                                       APPELLANT

V.
                ON APPEAL FROM KENTON CIRCUIT COURT
                HON. GREGORY M. BARTLETT, JUDGE
                NO. 19-CR-01444

COMMONWEALTH OF KENTUCKY                      APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Keram Christensen received a sentence of seventy years' imprisonment following his conviction on 313 counts of possessing matter portraying a sexual performance by a minor, eight counts of distributing matter portraying a sexual performance by a minor, one count of promoting a sexual performance by a minor (victim under 18), one count of promoting a sexual performance by a minor (victim under 16), and one count of using an electronic communications system to induce or procure a minor to commit a sexual offense.  In an opinion rendered this same date, we affirmed his convictions and sentence.[1]  During the pendency of his direct appeal, the Kenton Circuit Court entered an order forfeiting Christensen's cash bond and he appealed to the Kentucky Court of

---

[1] *Christensen v. Commonwealth*, 2021-SC-0504-MR (February 16, 2023, unpublished) ("*Christensen I*").

Appeals. In the interest of judicial economy, we granted transfer and now affirm.

The historical facts and procedural history underlying Christensen's convictions are set forth in *Christensen I* and need not be repeated in detail here. For purposes of this appeal, only a brief summary of those facts is necessitated. In August 2019 Christensen used an online dating service in an attempt to entice a child to engage in illegal sexual conduct. Shortly thereafter, the National Center for Missing and Exploited Children (NCMEC) generated a Cyber Tipline Report which was forwarded to the Covington Police Department for further investigation. A search was conducted pursuant to a warrant and multiple incriminating pieces of evidence were recovered, resulting in Christensen's arrest and indictment on 65 counts of possessing matter portraying a sexual performance by a minor and one count of distribution of matter portraying a sexual performance by a minor. He was subsequently released to home incarceration on October 2, 2019, after personally posting a $100,000 cash bond. Conditions of release included Christensen having no access to the internet or a smart phone. On April 14, 2021, after a comprehensive forensic review of his electronic devices revealed additional incriminating evidence, Christensen was arraigned on an indictment charging him with the 324 offenses previously listed.

On the same day as his second arraignment, on motion of the Commonwealth Christensen's bond was revoked following a hearing. Evidence was produced showing a search of Christensen's cell phone and camera

2

revealed he continued to view child pornography. A search of his residence uncovered binders with printed matters portraying child pornography and sexual performances by a minor. Additionally, proof was presented that Christensen had created social profiles on at least two different websites indicating his desire to meet "nudist boys and men, fathers and sons . . ." or "fathers and sons, families, etc." and offering to communicate through an encrypted messaging application.

After his suppression motion was denied, Christensen entered a conditional guilty plea and received a sentence of seventy years' imprisonment which this Court affirmed in *Christensen I.* During the pendency of his direct appeal, the Commonwealth moved to forfeit the entirety of his cash bond. By order entered on December 21, 2021, the trial court concluded Christensen violated the conditions of his bond and had continued the course of criminal conduct which had led to his indictment and convictions. Finding Christensen's violations were willful and noting the severity of the conditions violated—including resumption of the criminal conduct for which he was ultimately convicted on hundreds of counts of child pornography—the trial court concluded forfeiture of the bond was appropriate. Christensen's appeal was transferred to this Court to be resolved contemporaneously with his direct appeal.

For his sole allegation of error, Christensen argues forfeiture of the entirety of his cash bond was excessive and does not comport with the violations for which his bond was revoked. He concedes the determination of

3

the amount of bond to be forfeited lies within the sound discretion of the trial court but urges this Court to substitute its judgment for that of the trial court. We decline Christensen's invitation.

Forfeiture of a defendant's bail is appropriate if he "shall willfully fail to comply with the conditions of his release[.]" KRS[2] 431.545. If a defendant violates the terms of his release, a trial court may order his arrest and require him to "show cause why his bail bond should not be forfeited or the conditions of his release be changed, or both." RCr[3] 4.42(1). If, after a hearing, the trial court finds by clear and convincing evidence the defendant has willfully violated one or more terms of his release, forfeiture may be ordered. RCr 4.42(3). The trial court has sole authority to determine whether to impose, forfeit, or remit bond. *Commonwealth v. Carman*, 455 S.W.3d 916, 925 (Ky. 2015) (citing *Clemons v. Commonwealth*, 152 S.W.3d 256, 259 (Ky. App. 2004)). Such decisions will only be reversed when a reviewing court discerns an abuse of discretion. *Clemons*, 152 S.W.3d at 260. *See Long v. Hamilton*, 467 S.W.2d 139, 141 (Ky. 1971) ("Appellate courts will not attempt to substitute their judgment for that of the trial court and will not interfere in the fixing of bail unless the trial court has clearly abused its discretionary power." (internal citations omitted)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Criminal Procedure.

principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

It is undisputed Christensen violated the conditions of his release. Clear and convincing evidence was presented at an adversarial hearing before the trial court. It is also undisputed the trial court was acting within its discretion in deciding to forfeit Christensen's bond. The sole issue before us then is whether the trial court abused its discretion when determining the amount of bond which would be forfeited. We conclude it did not.

"There are no clear-cut rules defining what is and what is not 'excessive.'" *Clemons*, 152 S.W.3d at 260. "When considering whether or not justice requires the enforcement of a forfeiture, a court must look at several factors, including: (1) the willfulness of the defendant's breach of the bond, (2) the cost, inconvenience and prejudice suffered by the government, and (3) any explanation or mitigating factors." *United States v. Ciotti*, 579 F.Supp. 276, 278 (W.D.Pa. 1984). Christensen's conduct was serious and willful, subjecting the bond to forfeiture. KRS 431.545; RCr 4.42. The money posted belonged to Christensen, and he alone was responsible for continuing his course of criminal conduct. The Commonwealth was required to further investigate Christensen's actions which potentially endangered additional minors and worked an injury to the public interest. Christensen offered nothing in mitigation related to his egregious violations of the terms of his bond. Applying the abuse of discretion standard, we simply cannot say the trial court's

decision was in error. Although the amount of forfeiture was significant, it was not inappropriate under the circumstances.

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

All sitting. VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., concur. Thompson, J., concurs in result only.

COUNSEL FOR APPELLANT:

Chase Cox

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General

Courtney J. Hightower
Assistant Attorney General