THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK A. HOFSAES, Respondent, against WARDEN OF THE CITY PRISON, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Argued January 18, 1951; decided April 12, 1951.

*Miles F. McDonald, District Attorney (Aaron E. Koota, Julius Helfand* and *Joseph P. Hoey* of counsel), for appellant. I. Relator's privilege against self incrimination existed neither on October 6, 1950, the occasion of his first appearance before the Grand Jury, nor on October 16th, which was but a continuance of the October 6th hearing. (N. Y. Const., art. I, § 6; Code Crim. Pro., § 10; *People* v. *Cassidy,* 213 N. Y. 388; *Matter of Grae,* 282 N. Y. 428; *Palko* v. *Connecticut,* 302 U. S. 319; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *People ex rel. Hackley* v. *Kelly,* 24 N. Y. 74; *Mason* v. *United States,* 244 U. S. 362; *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253;

*Brown* v. *Walker,* 161 U. S. 591; *Matter of Seymour* v. *Larkin,* 254 App. Div. 215; *People* v. *Reiss,* 255 App. Div. 509, 280 N. Y. 539; *Matter of Doyle,* 257 N. Y. 244.) II. The privilege against self incrimination did not exist on October 16th even assuming *arguendo* that the Grand Jury proceeding on that day was new and independent of that of October 6th. (*People* v. *Rosenheimer,* 209 N. Y. 115; *People* v. *Cassidy,* 213 N. Y. 388; *People* v. *Ferola,* 215 N. Y. 285; *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *People* v. *Defore,* 242 N. Y. 13; *Smith* v. *United States,* 337 U. S. 137; *Matter of Grae,* 282 N. Y. 428.) III. The conduct of relator, in refusing to answer, was deliberate and constituted clear warrant for the finding of contempt. (*People ex rel. Lewisohn* v. *Court of General Sessions,* 96 App. Div. 201, 179 N. Y. 594.)

*William W. Kleinman* and *Mortimer Sattler* for respondent. I. Respondent had the right to withdraw his waiver and assert his constitutional privilege against self incrimination, and, if compelled to testify, to be given immunity. (*Siklek* v. *Comm.,* 33 Va. 789; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *People* v. *Seaman,* 174 Misc. 792; *McCarthy* v. *Arndstein,* 262 U. S. 355; *Counselman* v. *Hitchcock,* 142 U. S. 547; *Matter of Doyle,* 257 N. Y. 244.) II. The County Court should have determined respondent's status before directing him to testify. (*Siklek* v. *Comm.,* 33 Va. 789.)

DYE, J. The People appeal from an order of the Appellate Division, Second Department, sustaining a petition for a writ of habeas corpus and discharging the relator, Frederick A. Hofsaes, from custody. The writ had been sued out of the Appellate Division in the first instance to test relator's conviction and sentence by the Kings County Court (LEIBOWITZ, J.), for criminal contempt in refusing to answer a question as a witness before the Kings County Grand Jury (Code Crim. Pro., § 619; Judiciary Law, § 750, subd. 5) which had been duly held over to continue an investigation into " the alleged activities of criminals, racketeers and gamblers within the County of Kings and every and all matters affecting and appertaining thereto."

On October 6, 1950, relator Hofsaes — a New York City police inspector — was subpœnaed to testify before the Grand Jury. Before testifying he signed a waiver of immunity pursuant to section 2446 of the Penal Law. By its terms the relator waived " all immunity which I would otherwise obtain from indictment, prosecution, punishment, penalty or forfeiture " by reason of any testimony which he might give or any evidence he might produce " relating to the acts of * * * FREDERICK A. HOFSAES or of any other person "; as well as any privilege against the use against him. of " the testimony so given or the evidence so produced upon any criminal investigation, prosecution or proceeding."

The District Attorney had evidence that a Fada television set which had been purchased along with several other sets by one Harry Gross — an alleged book-maker then being held in custody as a material witness in connection with the same Grand Jury investigation (see *People ex rel. Gross* v. *Sheriff of City of N. Y.*, 302 N. Y. 173) — had been delivered to the relator's residence shortly before Christmas, 1948. When relator was questioned concerning this incident he readily admitted knowing Gross and that such a machine had been delivered to his home but when questioned along lines that would tend to establish that the set was knowingly received by him as a gift from Gross, his answers were deemed so evasive, inconsistent and incredible as to be tantamount to a refusal to answer and he was then cited for contempt and taken before the Kings County Court. The court, however, declined on the record presented to adjudge relator's answers contumacious as a matter of law. The court directed him to return to the Grand Jury and " tell the truth ". The relator, however, adhered to his prior testimony.

With the contempt proceeding still in abeyance, relator reappeared before the Grand Jury on October 16th and testified that he was no longer a member of the police department, having filed an application for retirement on the evening of October 6th. The following then transpired:

" Q. Now, Mr. Hofsaes, did you not, on or about the month of December, 1948 and at or prior to Christmas of that year receive a television set, a Fada television set at your home at 2550 East 29th Street, in the Borough of Brooklyn, which set

was delivered by the Pine Television Company for the Fulton Radio & Television Company of Fulton Street, Brooklyn, and which set was bought from the said Fulton Television Company and paid for by Harry Gross? A. Upon the advice of my counsel — * * * I decline to testify on the ground that my testimony might tend to incriminate me and subject me to other penalties. I claim my constitutional and statutory privileges and immunity.

" I withdraw the waiver of immunity heretofore executed by me in this proceeding. I should like to add that since I signed the waiver of immunity in this proceeding I have retired from the Police Department of the City of New York after having served thirty-three years, one month and twenty days plus a few hours which lawfully entitles me to such retirement for length of service. * * *

" Q. Do I understand, Mr. Hofsaes, on the basis of the statement which you have just read to the Grand Jury you refuse, on the grounds stated by you, to answer the question which I put to you? What is your answer? * * *

" A. Yes.

" Q. And do you, Mr. Hofsaes, on the basis of the statement that you have read to the Grand Jury and on the grounds stated therein refuse to answer other questions *along the same line of inquiry?* A. Yes." (Emphasis supplied.)

For this refusal to answer an order to show cause, issued on the petition of the foreman of the Grand Jury, was served October 17th. Following an open hearing at which the relator was present and represented by counsel he was adjudged in contempt. It is this adjudication that is challenged by this writ.

The Appellate Division in sustaining the writ recognized that when relator first appeared before the Grand Jury on October 6th it was for examination in connection with alleged violations of the laws pertaining to bribery, gambling and conspiracy and that he was then required to testify even though such testimony might be self incriminating for he had statutory immunity from prosecution (Penal Law, §§ 381, 584, 996) unless such immunity be waived (Penal Law, § 2446). The court was of the view, however, that at relator's final appearance before the Grand Jury on October 16th, the circumstances had so materially

changed as to constitute a new, separate and distinct investigation which was concerned with establishing grounds for relator's conviction for criminal contempt and was not — at least then — investigating into gambling and official corruption connected with gambling; that, accordingly, the waiver of immunity executed prior to his first appearance when no contempt charge was pending was no longer effective. In this view the Appellate Division regarded his refusal to answer the questions propounded and his reiterated statement that he would refuse to answer other questions '' along the same line '' as not contumacious but a proper exercise of his privilege against self incrimination. The writ was sustained but without prejudice to recall of relator as a witness before the Grand Jury and to such further proceedings as may be necessary and proper to compel an answer to the question on which the contempt proceeding was founded; and without prejudice to any other question relevant to the Grand Jury investigation.

We disagree with the Appellate Division's conclusion that the relator had effectively withdrawn his waiver. Conceding *arguendo* that on relator's final appearance the Grand Jury and the District Attorney were intent on establishing a basis for holding relator in contempt, it does not follow that *it thereby* initiated a new proceeding or that it had embarked on an investigation aimed at establishing the commission of another and different crime by relator. The contempt process was but ancillary to and in aid of the main inquiry. As we read the questions, which he refused to answer, against the background of the whole record, it seems to us that the controverted questions dealt with no new subject matter. Hence, relator's waiver of immunity previously given pursuant to section 2446 of the Penal Law continued effective.

Inasmuch, however, as there was doubt and uncertainty concerning relator's status as a witness, and his privileges and duties as such, we accept the Appellate Division's conclusion that, under the circumstances, relator was not contumacious. If and when he is recalled, relator, now apprised that his waiver of immunity continues effective, will be in a position to make an intelligent and conscious choice whether to answer questions or whether to subject himself to possible contempt proceedings

by refusing to do so. Accordingly, the writ should be sustained, without prejudice, however, to the recalling of relator as a witness and to such further proceedings not inconsistent with the opinion herein as may be necessary and proper to compel relator to answer questions which may be relevant to the Grand Jury investigation.

The order of the Appellate Division should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and FROESSEL, JJ., concur.

Order affirmed.