In the Matter of the Application of the GRAND JURY OF THE COUNTY OF KINGS. RAYMON H. CHADEAYNE, as Foreman of Said Grand Jury, Petitioner. BARTHOLOMEW NICASTRO, Respondent.

County Court, Kings County, January 29, 1952.

*Miles F. McDonald, District Attorney* (*Julius Helfand* and *Aaron E. Koota* of counsel), for petitioner.

*Sydney Rosenthal* for respondent.

LEIBOWITZ, J.   A Grand Jury of Kings County is conducting an investigation into alleged corrupt alliances between book-makers and alleged venal members of a so-called " vice squad " of the police department of the City of New York.   This squad, of which the respondent was, until recently, a member, is chargeable with the duty of enforcing the gambling and other laws enacted for the suppression of vice.

The Grand Jury seeks to uncover any possible graft payments made by the book-makers to police officers, in return for which the book-makers' illicit business would be operated without police interference.

The Grand Jury summoned the respondent to appear before it, and upon being sworn as a witness, questions concerning his finances were propounded to him.   These questions were calculated to uncover any possible receipt by him of protection payments by book-makers.   The respondent refused to answer the questions.

The Grand Jury thereupon moved before this court to adjudge the respondent guilty of a contempt of court and to impose punishment for such transgression, pursuant to the provisions of section 619 of the Code of Criminal Procedure and article 19 of the Judiciary Law.

In opposition to the motion, respondent asserts his constitutional privilege against self-incrimination, and that if compelled to testify he may subject himself to a penalty.   (N. Y. Const., art. I, § 6; Code Crim. Pro., § 10; Civ. Prac. Act, § 355.)

His specific complaint is that he is not given immunity from subjection to a penalty imposed by subdivision 4 of section 376 of the Tax Law of the State of New York. This section, in effect, declares that a person who, with intent to evade any tax, or any requirement of article 16 of the Tax Law, files a false or fraudulent return, is liable to a penalty of not more than $1,000 and is also guilty of a misdemeanor.

The law is clear that a prosecuting officer may compel a person to testify in a criminal proceeding, even though such testimony might involve self-incrimination, where adequate immunity statutes are in effect. (*People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253, 267; *People ex rel. Lewisohn* v. *Court of General Sessions,* 96 App. Div. 201, affd. 179 N. Y. 594.)

When the respondent appeared before the Grand Jury, the investigation was concerned with bribery, conspiracy and gambling. It has been held that section 381 of the Penal Law (bribery), section 584 (conspiracy), and section 996 (gambling), confer complete immunity, coextensive with the constitutional guarantee against self-incrimination, and sufficient to compel a witness to answer. These statutes expressly grant immunity not only against prosecution, but also against the imposition of *any* penalty or forfeiture. This statutory grant of immunity applies not only to penalties and forfeitures which may be imposed as punishment for the particular crimes of conspiracy, bribery and gambling, but apply equally to any penalty or forfeiture which may be imposed by any other statute. The primary purpose of immunity statutes is to grant immunity to witnesses, called in an investigation, against any crime or penalty or forfeiture that may be disclosed. (*People* v. *Cahill,* 126 App. Div. 391.)

*People* v. *Florentine* (276 App. Div. 730) is persuasive authority for the position of the movants. There the appellant was adjudged guilty of criminal contempt of court for refusing to testify before a grand jury. He asserted his constitutional privilege against self-incrimination as the basis for his refusal to testify. It appeared that the appellant had made a sworn statement before the City Court and refused to testify before the Grand Jury, on the ground that his testimony might tend to disclose that he had committed perjury in making such statement. The Grand Jury at that time was investigating the crime of gambling. The Appellate Division held that the grant of immunity in the gambling statute accorded immunity to the appellant, even against the possible crime of perjury committed in the past, and that he was properly adjudged in contempt.

In the opinion of this court, it was the legislative intent, by the enactment of the aforesaid immunity statutes, to grant amnesty in regard to a violation of a tax law, both for criminal prosecution, and any penalty therein provided. (*People ex rel. Hofsaes* v. *Warden of City Prison,* 277 App. Div. 398, affd. 302 N. Y. 403; *People ex rel. Coyle* v. *Truesdale,* 259 App. Div. 282, 284; *People* v. *Florentine, supra.*)

The case of *Henry* v. *Salina Bank* (1 N. Y. 83 [1847]) which respondent urges in support of his contention, is not in point. There appears to have been no statutory grant of immunity in that case equal in scope to the amnesty granted by the present bribery, conspiracy and gambling statutes against penalties as well as criminal prosecution.

Respondent's refusal to testify, therefore, constitutes a criminal contempt of court. He is directed to appear for further proceedings herein on a date to be fixed in the order granting this motion. Submit order.