Hyman Barshay, J.
This matter comes before the court In the form of a request of the Second Additional March, 1958, Grand Jury, for an order directing Fred J. Loughran to give further testimony under a limited waiver of immunity heretofore executed by him on November 17, 1959, in proceedings being conducted by the said Grand Jury, of the crime of bribery and conspiracy among the officials in the Bureau of Weights and Measures of the Department of Markets of the City of New York, in which department the said Fred J. Loughran held the office of Director of the Bureau of Weights and Measures.
The Second Additional Grand Jury was duly empanelled in March, 1958, and thereafter from time to time extended and is still presently duly organized and in session. In November of 1959, the Grand Jury commenced a general investigation into the crimes above set forth. Various witnesses were subpoenaed to appear before the said Grand Jury. Fred J. Loughran was one of them. On the 17th of November, he executed a limited waiver of immunity of his own volition. Several questions were answered by him, under oath, in the Grand Jury room concerning the operation of his office. He was then given a financial questionnaire covering the years 1956,1957 and 1958. The form *1068 of the questionnaire had legal sanction by the Court of Appeals in People ex rel. Sillifant v. Sheriff (6 N Y 2d 487). At his request, the period of two weeks granted to others to fill out the questionnaire, was extended, with no specific date set- for its return.
Between the 17th and 19th of November, he was indicted, together with others, for extortion and conspiracy to commit the crime of extortion. On March 4,1960, he was acquitted by a jury.
Thereafter the Grand Jury, still in session and still conducting the investigation heretofore commenced, subpoenaed him to appear before it to continue the questioning previously begun. The subpoena was returnable March 11, 1960, and at his request, it was adjourned to March 15, 1960, on which date he appeared before the Grand Jury and without being sworn made a statement substantially as follows: The original waiver heretofore executed by him was done so at a time when he held the position of Director of the Bureau of Weights and Measures, a position from which he has been since discharged; that because of his acquittal on the charges aforesaid, upon the advice of counsel he claimed that the limited waiver of immunity is no longer effective and he deems it withdrawn; that he is entitled to all the privileges as any other witness as if he had never executed such waiver; that the fact that a new subpoena was served on him gives him the right to assume that a new investigation has now been commenced. He was excused from the Grand Jury room and when he returned, he was advised that the Grand Jury would question him only under his limited waiver of immunity. Several questions were propounded to him which he refused to answer on the ground hereinabove set forth. The District Attorney, Mr. Loughran and his lawyer appeared before me for clarification as to his status. The facts above-stated are not in dispute. The only question presently before me is whether or not Fred J. Loughran must continue to give testimony before the said Grand Jury under the limited waiver of immunity, despite his acquittal and severance from the position which he heretofore held as Director of the Bureau of Weights and Measures. Under the holding of People ex rel. Hofsaes v. Warden of City Prison (302 N. Y. 403) I hold that the limited waiver of immunity heretofore executed by Mr. Loughran, is still effective and I direct him to appear before the Grand Jury on the 5th day of April, 1960, and give answers to all legal and competent interrogatories put to him. Let the District Attorney enter an order to this effect and serve it upon Mr. Loughran or his attorney. Submit order.