THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS LOBELL, Appellant, against THOMAS MCDONNELL, as Warden of City Prison of the City of New York, Borough of Brooklyn, Respondent.

Argued January 6, 1947; decided January 16, 1947.

*Edward H. Levine, Arnold D. Roseman* and *Martin Benjamin* for appellant. I. The sum of $250,000 bail is excessive and violative of section 5 of article I of the State Constitution. (*People ex rel. Deliz* v. *Warden,* 260 App. Div. 155; *People ex rel. Shapiro* v. *Keeper of City Prison,* 290 N. Y. 393; *People ex rel. Sammons* v. *Snow,* 340 Ill. 464; *People ex rel. Rothensies* v. *Searles,* 229 App. Div. 603; *United States* v. *Mulcahy,* 155 F. 2d 1002; *United States* v. *Lawrence,* 4 Cranch C. C. 518; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People* v. *Faden,* 271 N. Y. 435; *People ex rel Lawrence* v. *Brady,* 56 N. Y. 182; *Losaw* v. *Smith,* 109 App. Div. 754; *People ex rel. Sabatino* v. *Jennings,* 221 App. Div. 418; *Matter of Quinn,* 2 App. Div. 103.) II. The jurisdiction of the Court of Appeals in an appeal of this kind is well established. (*People ex rel. Sabatino* v. *Jennings,* 246 N. Y. 258; *Hoff* v. *State,* 279 N. Y. 490; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131; *Spears* v. *Mayor,* 72 N. Y. 442; *Halfmoon Bridge Co.* v. *Canal Board,* 213 N. Y. 160; *Matter of Superintendent of Banks,* 207 N. Y. 11; *Forrest* v. *Forrest,* 25 N. Y. 501; *Roberts* v. *New York Elevated R. R. Co.,* 155 N. Y. 31; *People* v. *Miles,* 289 N. Y. 360; *People ex rel. Battista* v. *Christian,* 249 N. Y. 314.)

*Miles F. McDonald, District Attorney, Kings County* (*Solomon A. Klein* of counsel), for respondent. The order of the Appellate Division unanimously denying a reduction of bail is not appealable as of right; nor does it present a question reviewable by this court. (*Matter of Mathot,* 222 N. Y. 8; *Matter of Levy,* 255 N. Y. 223; *Dalziel* v. *Oregon-Washington R. R. & Nav. Co.,* 248 N. Y. 569; *People ex rel. Moss* v. *Supervisors,* 221 N. Y. 367; *Matter of Haydorn* v. *Carroll,* 225 N. Y. 84;

*People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299; *People ex rel. Ryan* v. *Lynch,* 262 N. Y. 1; *People ex rel. Rothensies* v. *Searles,* 229 App. Div. 603; *People ex rel. Shapiro* v. *Keeper of City Prison,* 290 N. Y. 393; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379; *People* v. *Tweed,* 63 N. Y. 202.)

DESMOND, J. After relator had been indicted for certain forgeries and grand larcenies and had pleaded not guilty, his bail was fixed by the County Court of Kings County at $250,000. Thereupon he sued out this writ of habeas corpus, in the Appellate Division, to get that bail reduced. The Appellate Division unanimously dismissed the writ, and relator appeals here as of right. He takes his stand upon the prohibition, in our State Constitution (art. I, § 5), of " excessive bail ". Finding that constitutional question to be directly involved (Civ. Prac. Act, § 588), we hold that the appeal is properly here.

Whether or not this relator was to be admitted to bail at all, was a matter of discretion for the County Court (Code Crim. Pro., § 553; *People ex rel. Fraser* v. *Britt,* 289 N. Y. 614). But that question the County Court determined in relator's favor. Next came the question of amount. The policy of our law favors bail because of the presumption that the prisoner is innocent. " The reason for taking bail is, that the guilt of the prisoner is doubtful " (*People* v. *Lohman,* 2 Barb. 450, 454). The amount must be no more than is necessary to guarantee his presence at the trial. " The reasonableness of the amount is to be determined by properly striking a balance between the need for a tie to the jurisdiction and the right to freedom from unnecessary restraint before conviction under the circumstances surrounding each particular accused " (*United States* v. *Mulcahy,* 155 F. 2d 1002, 1004). The bailing court has a large discretion, but it is a judicial, not a pure or unfettered discretion. The case calls for a fact determination, not a mere fiat. The factual matters to be taken into account include: " The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof **as** bearing on the probability of his conviction * * * ".

(*People ex rel. Rothensies* v. *Searles,* 229 App. Div. 603, 604, and cases cited; see, also, *People ex rel. Shapiro* v. *Keeper of City Prison,* 290 N. Y. 393).

We must, therefore, examine the record before us to see whether it shows any justification for the very high bail here fixed. Relator, hearing that his name had been mentioned in connection with the alleged thefts and that the police were looking for him, surrendered to the District Attorney. (As Lord MANSFIELD observed in *Rex* v. *Lord Baltimore,* 4 Burrow's 2179, the "voluntary surrender was a strong indication that he had no intention of absconding from justice ".) The prosecutor at that time requested $100,000 bail, but the County Judge decided that $25,000 was enough. A surety company bond in that amount was furnished and relator was freed. He appeared a few days later for a preliminary hearing and waived examination. About two weeks later he was named, with four others, in the indictment which is said to contain 470 counts, charging thefts and forgeries involving some $780,000. On the day the indictment was handed up relator appeared for arraignment. The prosecutor suggested $100,000 bail, being the same figure previously urged by him when relator was first arrested. The County Judge presiding (not the County Judge who had ordered the earlier $25,000 bail) fixed bail at $250,000.

Relator's previous record, which, we will assume was before the County Judge when he arrived at the amount of $250,000, showed several previous indictments, including one for "jumping bail ", and a number of arrests. It appears that he was not convicted on the bail-jumping charge but did plead guilty to a different misdemeanor charge connected with that same general transaction. He has business interests in New York and California, has lived in New York City for many years (with occasional absences) and has relatives there. There is nothing whatever in the papers to suggest any intention to flee the jurisdiction. Nor does the record before us make any showing as to the strength or weakness of the People's case against him.

In all this we see no support for the figure of $250,000. The most the District Attorney asked for was $100,000 and, while that suggestion did not control the Judge, there was nothing before him justifying any greater amount. Thus we have a

case " where there has been a real invasion of defendant's constitutional rights " not " a mere difference of opinion " (*People ex rel. Deliz* v. *Warden,* 260 App. Div. 155, 156).

The order should be reversed, without costs and the matter remitted to the Appellate Division for proceedings not inconsistent herewith.

LOUGHRAN, Ch. J., LEWIS, THACHER, DYE and FULD, JJ., concur; CONWAY, J., taking no part.

Order reversed, etc.