THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH RAO and MICHAEL COPPOLA, Appellants, *v.* WILLIAM A. ADAMS, as Warden of City Prison of the City of New York, Respondent.

Argued February 17, 1947; decided February 28, 1947.

*Gilbert Goldstein* and *David Goldstein* for appellants. I. No proof was adduced before the Court of General Sessions to warrant the issuance of the orders of commitment. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *People* v. *Smith*, 266 App. Div. 57; *Matter of Blum*, 9 Misc. 571; *United States* v. *McCunn*, 40 F. 2d 295; *United States* v. *Gokey*, 32 F. 2d 793; *People* v. *John Doe* [*Bernoff*], 261 App. Div. 504; *People ex rel. Ditchik* v. *Sheriff of Kings County*, 256 App. Div. 1081; *People ex rel. Maloney* v. *Sheriff*, 117 Misc. 421; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.) II. A construction of section 618-b of the Code of Criminal Procedure contended for by the People to permit the taking of proof ex parte in the absence of relators, would deprive them of a " hearing " under the statute and would constitute a deprivation of liberty without due process of law. (*People* v. *Nisonoff*, 293 N. Y. 597; *Matter of Lyons* v.

*Goldstein,* 290 N. Y. 19; *People* v. *Henriques & Co.,* 267 N. Y. 398; *People ex rel. Morriale* v. *Branham,* 291 N. Y. 312; *People ex rel. Barone* v. *Fox,* 202 N. Y. 616; *Carter* v. *Kubler,* 320 U. S. 243; *Market Street Ry. Co.* v. *Commission,* 324 U. S. 548; *United States v. Dillman,* 146 F. 2d 572.) III. The bail of $250,000 fixed for each of the relators is excessive, and they have already been imprisoned for an unreasonable length of time. (*People ex rel. Lobell* v. *McDonnell,* 296 N. Y. 109; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *Matter of Prestigiacomo,* 234 App. Div. 300.)

*Frank S. Hogan, District Attorney* (*Whitman Knapp, Richard G. Denzer, Eugene A. Leiman* and *Harold Roland Shapiro* of counsel), for respondent. I. The Appellate Division properly sustained the finding that the relators were material witnesses in the investigation. Since a judge of the Court of General Sessions has jurisdiction to commit witnesses pursuant to section 618-b of the Code of Criminal Procedure, the factual determinations upon which his orders of commitment are based may not be reviewed in a habeas corpus proceeding. (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *Henry* v. *Henkel,* 235 U. S. 219; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *People ex rel. Bailey* v. *McCann,* 222 App. Div. 465; *People ex rel. Conway* v. *Warden,* 180 App. Div. 336; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1; *People ex rel. McCabe* v. *Superintendent,* 8 Abb. Prac. [N. S.] 112; *People ex rel. Edwards* v. *Superintendent,* 235 N. Y. 398; *People* v. *Nitzberg,* 289 N. Y. 523.) II. The orders of commitment would have been properly sustained even if they had been subject to review in this proceeding. (*People ex rel. Ditchik* v. *Sheriff of County of Kings,* 171 Misc. 248, 256 App. Div. 1081; *People ex rel. La Tempa* v. *Hughes,* 182 Misc. 1078; *People ex rel. Nuccio* v. *Warden, 8th District Prison,* 182 Misc. 654; *People* v. *John Doe* [*Bernoff*], 261 App. Div. 504; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559.) III. The Appellate Division properly restored the amount of bail fixed in the Court of General Sessions. (*People ex rel. Rothensies* v. *Searles,* 229 App. Div. 603; *People ex rel. Lobell* v. *McDonnell* 296 N. Y. 109; *People ex rel.*

*Shapiro* v. *Keeper of City Prison,* 290 N. Y. 393; *People ex rel. Deliz* v. *Warden,* 260 App. Div. 155; *People v. Ackerson,* 166 Misc. 130; *People of the State of New York* v. *Tweed,* 63 N. Y. 202.)

*Per Curiam.* By resort to a writ of habeas corpus, a relator, be he defendant or witness, is entitled to the constitutional protection against being held unreasonably or in excessive bail. (N. Y. Const., art. I, § 5.) Relief will be granted, however, only to prevent invasion of constitutional right, not because of difference of opinion as to the amount fixed.

In view of the facts here presented — for instance, the seriousness of the crime under investigation, murder; the character, reputation, background and extensive criminal records of relators; their relationship to others against whom they may be called to testify; the possibility of flight to avoid giving testimony; the difficulty, if not impossibility, of procuring their return if they do leave the State — in view, we say, of those facts among others, there was sufficient before the Judge of the Court of General Sessions to permit him, in the exercise of discretion, to fix the bail at $250,000 (Code Crim. Pro., § 618-b). While it is urged that such amount is high, it may not properly be said — on the record before us — that it was excessive as matter of law. (See *People ex rel. Rothensies* v. *Searles,* 229 App. Div. 603.) *People ex rel. Lobell* v. *McDonnell* (296 N. Y. 109), neither supports nor suggests a contrary view. As we there indicated, the reasonableness of bail in any case depends upon examination of the particular record. Evidence such as was here adduced was not there furnished.

Order affirmed, without costs, but without prejudice to the institution of any proceedings wherein relators may raise the question of undue or prolonged detention. That matter was pressed upon us by relators upon this appeal, but the People are entitled to an opportunity to submit evidence bearing on that issue.

DESMOND, J. (dissenting). " Excessive bail shall not be required * * * nor shall witnesses be unreasonably detained " (N. Y. Const., art. I, § 5).

Each of these relators has been held in jail for three months, in default of $250,000 bail, as a " material witness ", under

section 618-b of the Code of Criminal Procedure. The fixing of the bail at that extraordinary figure was made at a hearing in the Court of General Sessions. At that hearing there was a prima facie showing that each relator was " a necessary and material witness for the people in a criminal action ". There was nothing in the record of that hearing, however, to form a basis for the exaction of bail of a quarter of a million dollars, for each relator. If that bail be reasonable on this bare showing, then equal justification exists for requiring a million dollars, or any multiple thereof. Such an arbitrary determination was held illegal in *People ex rel. Lobell* v. *McDonnell* (296 N. Y. 109), where the relator had been indicted for numerous felonies involving large sums. It was no less illegal here, where relators, being prospective witnesses only, not indicted or convicted, had an absolute right to be released on their undertaking to appear when the case should be called. If there be no limit to the bail, then a bond prohibitive in amount may always be demanded of a witness. In other words, section 618-b may be used simply to keep a witness locked up. Nothing in the language or history of the statute permits such a use of it. When, as here, there is besides the imposition of prohibitive bail, a subsequent detention for a long period, we have the very situation against which the State Constitution has set a positive ban. These relators, like all other citizens, are entitled to the protection of the Constitution.

The order below should be reversed, without costs, and the case remitted to the Special Term to hold a hearing at which there shall first be determined whether continued detention of the relators, or either of them, is legal, and then, if that first question be answered affirmatively, reasonable bail shall be ordered.

LEWIS, CONWAY, THACHER and FULD, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in memorandum in which LOUGHRAN, Ch. J., concurs; DYE, J., taking no part.

Order affirmed, etc.