Conn, J.
It appears that in a proceeding pending in the Court of General Sessions, relator, Harold Eichards, was on May 3, 1950, apprehended as a material witness. By order of a judge of the Court of General Sessions, he was directed pursuant to section 618-b of the Code of Criminal Procedure to enter into a written undertaking in the sum of $100,000 to secure his appearance as a material witness in that proceeding. Concededly, the proceeding was an investigation into the activities of one Prank Erickson, against whom informations were thereafter filed charging him with the crime of book-making, a misdemeanor.
On May 5th, the relator was again arraigned and a new order of commitment was made whereby relator was held in the same sum of $100,000. Thereafter relator sued out a writ of habeas corpus to inquire into the legality of his detention. The hearing on this writ was held on May 24th at the Special Term of the Supreme Court. In the meantime relator had been called as a witness before the Grand Jury, had testified without having executed a waiver of immunity and hence could not be regarded as a defendant in the investigation.
Belator had been employed by Erickson at a salary of $70 per week and apparently had control of a bank account in excess of $100,000 which it is claimed was actually owned by Erickson. Eelator is sixty-two years of age, has lived continuously in the city of New York since 1903 and for the past eight years at the same address, at a hotel in the - city. He has not declined to answer questions propounded to him before the Grand Jury and he has repeatedly declared that he has no intention of leaving the jurisdiction and that he would appear whenever directed by the court. Though previously convicted of bookmaking on three different occasions, he was never committed to prison but upon the last conviction had some two years ago, he was required to pay a fine of $200. The Special Term has dismissed the writ and remanded relator to custody and he is still held in confinement.
“ Excessive bail shall not be required * * * nor shall cruel and unusual punishments be inflicted, nor shall witnesses be unreasonably detained.” (N. Y. Const., art. I, § 5.) Though section 566 of the Code of Criminal Procedure makes final a *89 decision of a judge fixing bail so far as any review by appeal is concerned, it does not deprive a defendant of the constitutional protection against being held in excessive bail. When such a situation arises, relief may be granted by the Supreme Court under a writ of habeas corpus (People ex rel. Deliz v. Warden of City Prison, 260 App. Div. 155). The rule has been declared to extend to a person held as a witness as well as one in custody as a defendant. In People ex rel. Rao v. Adams (296 N. Y. 231, 234) the Court of Appeals specifically held that by a resort to writ of habeas corpus a relator, be he defendant or witness, is entitled to the constitutional protection against being unreasonably detained or held in excessive bail. In that case it was said that relief will be granted only to prevent invasion of a constitutional right, not because of difference of opinion as to the amount of bail. The court also pointed out that the seriousness of the crime under investigation, the character of the relator, his relationship to those against whom he may be called upon to testify, the possibility of flight to avoid giving testimony and the difficulty of procuring relator’s return to the State if he should leave the State are all matters to be considered in the fixation of bail. Giving full heed to these factors which the Court of Appeals has declared are to be weighed, I am of the opinion that the undertaking required in this case was excessive and that relator is being unreasonably detained. He is not charged with the commission of any crime; he has freely testified before the Grand Jury and there is no sound basis for a finding that he will not be available whenever his testimony is required. The investigation in which he is being held involves charges against another for violating the statutes prohibiting book-making (Penal Law, § 986), misdemeanor charges. It is not denied that bail for the one against whom the investigation was directed had been fixed in the sum of $10,000.
We realize that section 618-b of the Code of Criminal Procedure is a statute which serves a very useful public purpose and in proper cases should be availed of to further the administration of justice but it may not be employed simply to keep a witness confined. Where, as here, there is a detention for a long period resulting from the imposition of an undertaking in a prohibitive sum, “ we have a case ‘ where there has been a real invasion of defendant’s [in this case a witness’s] constitutional rights ’ not 1 a mere difference of opinion (People ex rel. Lobell v. McDonnell, 296 N. Y. 109, 112-113, Desmond, J.)
*90 The order appealed from should be reversed, the writ of habeas corpus should be sustained and relator should be released upon furnishing an appropriate undertaking not in excess of the sum of $10,000.
Peck, P. J., Dore and Callahan, JJ. concur; Van Voorhis, J. dissents in part and votes to remit the matter to the Court of General Sessions to determine the amount of the undertaking in a sum not to exceed $50,000.
Order reversed, the writ of habeas corpus sustained and relator should be released upon furnishing an appropriate undertaking not in excess of the sum of $10,000. Settle order on notice.