THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY GROSS, Appellant, against SHERIFF OF THE CITY OF NEW YORK, Respondent.

Argued January 4, 1951; decided January 18, 1951.

*Michael Kern* for appellant. I. Bail of $250,000 is excessive and violative of the Constitution of this State; the events subsequent to its fixation require most drastic reduction if not the unqualified discharge of relator. (*People ex rel. Lobell* v. *McDonnell*, 296 N. Y. 109; *People ex rel. Rothensies* v. *Searles*, 229 App. Div. 603; *People ex rel. Rao* v. *Adams*, 296 N. Y. 231.) II. The making of the order of the County Judge, as well as the present detention of relator, merely for the purpose of confinement, is violative of constitutional rights. (*People ex rel. Sammons* v. *Snow*, 340 Ill. 464.) III. Section 618-b of the Code of Criminal Procedure does not authorize the holding of one, as a material witness, who is a defendant charged with a crime within the sphere of the proceeding in which he is held as such witness. (*Matter of Prestigiacomo*, 234 App. Div. 300; *People* v. *Nitzberg*, 289 N. Y. 523.)

*Miles F. McDonald, District Attorney* (*Aaron E. Koota* and *Julius Helfand* of counsel), for respondent. I. Under the circumstances, the continued detention of appellant as a witness, material to the current Grand Jury investigation is proper,

despite his added status as a defendant in the Court of Special Sessions. (*People ex rel. Ditchik* v. *Sheriff of Kings Co.,* 171 Misc. 248, 256 App. Div. 1081; *People ex rel. Rao* v. *Adams,* 296 N. Y. 231; *People ex rel. Hunt* v. *Lane,* 132 App. Div. 406, 196 N. Y. 520.) II. Relator's bail of $250,000 is not so high as to constitute an invasion of his constitutional rights. (*People ex rel. Rao* v. *Adams,* 296 N. Y. 231; *People ex rel. Ditchik* v. *Sheriff of Kings Co.,* 171 Misc. 248, 256 App. Div. 1081.) III. Relator has not been unreasonably detained within the meaning of the New York State Constitution. (N. Y. Const., art. I, § 5; *People ex rel. Hunt* v. *Lane,* 132 App. Div. 406, 196 N. Y. 520.)

*Memorandum.* Upon this record we cannot say that the status of the relator as a material witness in the pending Grand Jury proceeding instituted in December, 1949 — by which is being conducted a broad investigation into the existence in Kings County of gambling, book-making, racketeering and all forms of organized crime — was terminated as a matter of law when, on December 4, 1950, he was arraigned in the Court of Special Sessions upon an information charging him with specific misdemeanors (Code Crim. Pro., § 618-b). The unchallenged statement of the District Attorney that relator freely admitted before the County Judge that he had bribed police officials, and that he could give evidence thereof, clearly justified his commitment as a material witness. The Grand Jury, having directed the District Attorney to file an information charging misdemeanors against the relator and many others, was entitled to a reasonable period of additional time within which to call relator in its continuing investigation as to other and more 'serious crimes. The relator may not select his own time for appearance before the Grand Jury. That body and the District Attorney have some discretion as to when to call relator and we cannot say, as a matter of law, that under the circumstances of this case such delay has been unreasonable. Nor can we say, in the circumstances disclosed, that the bail fixed as to the relator is excessive, or that the conditions under which he is detained are unreasonable. (*People ex rel. Rao* v. *Adams,* 296 N. Y. 231, 234.)

The order should be affirmed.

*Dissenting memorandum.* The question here presented is not — contrary to the suggestion contained in the court's memorandum — whether a witness is able to select his own time for his appearance before a grand jury. Obviously, the prosecuting authorities have some discretion in deciding when to call him, and our dissent has nothing to do with that proposition.

It is manifest, however, that a party may not be deemed " a necessary and material witness for the people " before the grand jury (Code Crim. Pro., § 618-b), if the prosecutor does not intend to have him testify. In the case before us, the district attorney actually acknowledged that he neither planned nor plans to use relator as a witness or even to call him before the grand jury until after he shall have been tried for, and either convicted or acquitted of, crimes which he allegedly committed. Under such circumstances, to stamp relator as a " necessary and material witness " is not only at odds with the very meaning of the term but is inconsistent with a fair administration of justice. And, indeed, the impropriety, the irregularity, of what has been done is accentuated by the circumstance that the information filed against relator in the court of special sessions charges offenses intimately connected with the subject matter of the grand jury inquiry itself.

The relator may be, as the district attorney says, a very bad man, but Constitution and statute were made for all alike, and neither the character of relator nor the importance of the grand jury investigation can change the meaning of statutory language or impair constitutional safeguards.

In the view which we thus take of the matter, it is unnecessary for us to consider the claims of relator that the amount of bail fixed as to him ($250,000) is excessive and that his detention (since September, 1950) has already been for an unreasonable time. (N. Y. Const., art I, § 5.)

The order should be reversed and the writ of habeas corpus sustained.

LEWIS, CONWAY, DYE and FROESSEL, JJ., concur in prevailing memorandum; LOUGHRAN, Ch. J., DESMOND and FULD, JJ., dissent in memorandum.

Order affirmed.