Mitchell D. Schweitzer, J.
This' is an application by the defendant for a reduction of bail.
The defendant was indicted for the crime of attempted murder in the first degree. On the arraignment," no application was made on behalf of the defendant for the fixation of bail, his counsel having at the time stated that he was not prepared to argue the matter. The District Attorney, however, requested that bail be fixed in the sum of $150,000, and, no objection having been voiced by the defendant, bail was fixed in said amount.
The instant application to reduce the bail is based upon facts which were not called to the attention of the court on the arraignment. Oral argument was had before the court hy both sides, in the course of which the alleged facts were presented.
The admission of a defendant to bail in a felony case is a matter of discretion (Code Crim. Pro., § 553). “ Denial of bail is no light matter, and needs to be buttressed by a real showing of reasons therefor ” (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398). The District Attorney, by his original application to have bail fixed in the sum of $150,000, has conceded that bail should not be denied in the exercise of the court’s discretion. In reaching a determination of the amount of the bail, heed must be given the constitutional injunction against “ excessive hail ” (N. Y. Const., art. I, § 5).
In seeking a reduction of bail, defendant places principal reliance upon People ex rel. Lobell v. McDonnell (296 N. Y. 109). In that case, the defendant was indicted for certain forgeries and larcenies involving $780,000. The County Court Judge fixed bail in the sum of $250,000. In holding that bail in such an amount was excessive and in violation of the defendant’s rights, the Court of Appeals wrote (pp. 111-112): “ The *883 policy of our law favors bail because of the presumption that the prisoner is innocent. ‘ The reason for taking bail is, that the guilt of the prisoner is doubtful ’ (People v. Lohman, 2 Barb. 450, 454). The amount must be no' more than is necessary to guarantee his presence at the trial. ‘ The reasonableness of the amount is to be determined by properly striking a balance between the need for a tie to the jurisdiction and the right to freedom from unnecessary restraint before conviction under the circumstances surrounding each particular accused ’ (United States v. Mulcahy, 155 F. 2d 1002, 1004). The bailing court has a large discretion, but it is a judicial, not a pure or unfettered discretion. The case calls for a fact determination, not a mere fiat. The factual matters to be taken into account include: ‘ The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction * * * ’ (People ex rel. Rothensies v. Searles, 229 App. Div. 603, 604, and cases cited; see, also, People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y., 393).”
The Court of Appeals did not attempt to lay down any rigid formula in the Lohell case for the determination of proper bail in any given case. It is noteworthy that, shortly after the decision in that case, the Court of Appeals upheld bail of $250,000 which had been fixed with respect to material witnesses in two separate cases (People ex rel. Rao v. Adams, 296 N. Y. 231; People ex rel. Gross v. Sheriff of City of N. Y., 302 N. Y. 173). A reading of these and numerous other cases demonstrates that each case must rest upon its own peculiar facts and that a large measure of discretion rests with the judge to whom the application for bail is addressed.
With the foregoing principles in mind, let us now consider the facts in the record. The defendant is 29 years of age, is married and lives in New York City with his wife and four children. He is employed as a superintendent in an apartment house and is represented to be a person of modest means. He has had several minor conflicts with the law, mostly relating to violations of the gambling statutes. It is stated that he is presently suffering from a serious gall bladder condition, which may necessitate a major operation. He voluntarily surrendered to the police approximately three and a half months after the commission of the crime.
*884 In opposing the application the District Attorney stresses the fact that the defendant was being sought by the police for á period of three and a half months following the commission of the crime and could not be found until he voluntarily surrendered. No explanation was offered by the defendant’s counsel for the defendant’s protracted disappearance following the commission of the crime. The situation is very much akin to People v. Grennan (283 App. Div. 937), wherein the court wrote (p. 988): “In opposition to defendant’s application, the Attorney-General submitted affidavits showing that the defendant was a fugitive from justice from the time of the finding of the indictments to the time of his apprehension on May 15, 1954, in a rooming house in Brooklyn, New York, where he was living under an assumed name. The affidavits showed that a diligent search for the defendant had been carried on throughout that time. The defendant offered nothing in response to this proof except his assertion that he had consulted his attorney and that he had been advised that he should not make any statement in answer to the affidavits submitted by the special assistant attorney-general. It is, of course, the privilege of the defendant to stand mute with respect to this question but if he elects to do so he must accept the risk of adverse action on the basis of the uncontradicted proof before the court. Upon the basis of that proof, we are satisfied that there would be no assurance of the defendant’s appearance for trial if he were released on bail and for that reason we believe bail should be denied (People ex rel. Shapiro v. Keeper of City Prison, 265 App. Div. 474, affd. 290 N. Y. 393). The defendant’s application for bail is accordingly denied.”
While the defendant has ties to the jurisdiction in the form of his wife, children and employment, these ties were not strong enough to prevent his flight and concealment while he was being sought by the authorities.
The court is also required to take into consideration the gravity of the crime with which the defendant is charged. The crime of murder ny the first degree is the most heinous of all crimes. The crime charged here involves the same degree of moral turpitude.. The. attempt and the completed crime differ only in- the marksmanship, of the assailant.
Of further concern to tlie court .is, the. fact that the District Attorney, believes that there - are certain sinister persons who might be interested in liquidating,the defendant becáuse of his bungling of a .murder assignment. ' He; states, very frankly that, in his opinion, the safest place for this defendant would be' in the City Prison. ¿
*885 The circumstances of this case dictate the fixation of substantial bail. Counsel for the defendant requests that bail be reduced to $25,000. The court cannot do so with any real degree of assurance that such bail will sufficiently insure defendant’s presence at the trial. However, the facts which have been called to the court’s attention for the first time on this application merit some favorable consideration on behalf of the defendant. The court is of the opinion that bail in the sum of $100,000 would strike a proper balance between the rights of the defendant and of the People and bail is accordingly fixed in that amount.
As heretofore indicated, the defendant’s counsel has expressed great concern about the defendant’s physical condition and the latter’s desire to be treated by his own physicians. In the event that the defendant is unable to raise the bail presently fixed, the court will, upon proper application and proof, direct that the defendant be moved to Bellevue Hospital for medical attention and care. On such motion, the court, if requested, will pass upon the advisability and propriety of permitting an examination and treatment of the defendant by doctors of his own choosing.