THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT CLAYTON, Appellant.

Brennan, Hopkins and Benjamin, JJ., concur; Christ, Acting P. J., dissents and votes to reverse the order, to grant the application and to order a new trial, with the following memorandum: Defendant, a 24-year-old illiterate Negro employed as one of a number of farm hands on a potato farm in Suffolk County, was convicted of murder in the second degree after a jury trial upon which a written confession was admitted into evidence. The appeal is from the denial of defendant's *coram nobis* application to vacate the conviction, after a hearing which investigated the voluntariness of his confession. The crime took place at the farm on November 2, 1952. At approximately 3:00 P.M. on November 3, defendant and nine other workers were taken to police headquarters and put into a room in which the lights remained on all night. Defendant and the others were each taken from the room for questioning from time to time during the night into the following morning, November 4, when at 5:00 A.M. defendant made an apparently exculpatory statement. Later that day the police confronted him with another hand on the farm, Mickens, who stated that he had helped defendant carry the body of the deceased into the barn. At 9 o'clock that night, November 4, defendant was brought before a Judge who committed him as a material witness in default of $10,000 bail. On November 5 defendant was interrogated by the police at various times, taken to the farm in the afternoon, questioned in the presence of a stenographer at about 10:00 P.M., brought back to the farm shortly before midnight where he made further admissions, and returned to police headquarters about 2:00 A.M. on November 6, where he was questioned further. About 3:00 A.M. the wholly incriminatory transcript was read to him, certain corrections directed by him were made, and he signed it. Concededly, during the entire period of his interrogation, he was not advised of his rights. He testified that beginning with the confrontation with Mickens on November 4 he requested an attorney a number of times and on November 5 he asked to have a telegram sent to his

mother, but was told by the police that he would first have to give them a statement. However, on the basis of the other evidence before it, the court below found that defendant never asked to see an attorney and concluded, further, that the statement was voluntary. In my view, the confession was under the circumstances improperly obtained, and its admission constitutes reversible error. Since at the time of defendant's commitment there was no criminal action or proceeding pending in a court of this State in the matter, his detention as a material witness was illegal (*People ex rel. Gross* v. *Sheriff*, 302 N. Y. 173; *People ex rel. Van Der Beek* v. *McCloskey*, 18 A D 2d 205). Further, it is clear that from the moment Mickens identified defendant as the perpetrator, prior to his (defendant's) commitment, defendant was the target of the investigation. During the 60 hours from 3:00 P.M. on November 3, when he was taken into custody, until 3:00 A.M. on November 6, when he signed the statement, defendant was under constant police pressure. That long detention in the station house where the police had constant access to him, and their transportation of him about the countryside at odd hours of the day and night, made him so vulnerable to their dominance that, in my opinion, his will was overborne by the time he confessed. A confession obtained under such circumstances is involuntary and inadmissible (*Lynumn* v. *Illinois*, 372 U. S. 528, 534; *Spano* v. *New York*, 360 U. S. 315, 323; *Leyra* v. *Denno*, 347 U. S. 556; *Wilson* v. *United States*, 162 U. S. 613, 623).