Howard E. Goldfluss, J.
The defendant herein attacks the “ pre-arraignment ” procedure now in effect in Bronx County, by moving to dismiss the charges against him, on the ground that he was subjected to an improper, unauthorized, and unconstitutional deprivation of his rights in being arraigned pursuant to such procedure (CPL 170.30, subd. 1, pars, [f], [g]; CPL 170.40).
STATEMENT OF FACTS
On August 2,1973, at 6:30 p.m., the defendant Gilbert Vasquez was arrested and charged with violation of section 120.05 of1 the Penal Law (assault in the second degree) and in a companion case arising from the .same set of circumstances, section 205.30 of the Penal Law (resisting arrest). He was taken to Central Booking in The Bronx by the arresting officer and the booking procedure was completed by 8:15 p.m. While the defendant was held in the detention cell, the arresting officer and the complaining witness proceeded to the pre-arraignment room located on the second floor of the Bronx Criminal Court building at 161st Street and Third Avenue, in the County of Bronx. The accusatory instrument was drawn at 8:35 p.m., a written complaint was prepared and sworn to, and the Assistant District Attorney presumably made up his " fact sheet ”. At this time, the arresting officer and his complainant were .excused, and the defendant’s fingerprints were wired to Albany. The fingerprint record commonly known as the NYSIIS sheet was returned at 11:45 p.m., just as Night Court in The Bronx was closing. The case was set for arraignment the following morning before me. Neither the complainant nor the arresting officer was present. Arraignment without the presence of these parties was objected to by defense counsel and he made the motion herein and the matter was adjourned to allow the parties sufficient time to file memoranda on the legality of the procedure. In the interim, the defendant’s counsel moved to parole the defendant and he was so paroled, pending the resolution of this issue.
The pre-arraignment procedure so described has been in existence in Bronx County since October 1, 1969. It was promulgated by the Police Department with the approval of the District Attorney and the Appellate Division of the First Department, with a view toward eliminating the necessity of the police pfficer’s and the complainant’s presence at the arraignment, *7 thereby saving the police man-hours and likely inconvenience to the complainant. It is interesting to note that Bronx County, alone, continues this practice, although its implementation was attempted in Kings County and New York County. Article 78 proceedings were commenced in both counties, but the issues of constitutionality were never decided, because as a result of the institution of those actions, the procedure was discontinued in each instance and therefore, the said actions were discontinued (Mohr v. Rabin; Legal Aid Soc. v. Murphy). (These cases are not reported.)
Without conceding that the procedure so described accomplishes its aims, the defendant sets forth several contentions tending to support his claim that the implementation of the procedure is unlawful and violates his basic constitutional rights. Two of these contentions bear serious consideration. The others refer to court and police procedures, are therefore administrative, and should not be the province of this court.
The remaining issues refer to: 1. the right of the accused under the Sixth Amendment of the United States Constitution to confront and cross-examine his accusers; and 2. whether under the pre-arraignment procedure the arraigning Magistrate is given access to sufficient information to exercise his discretion guaranteeing the defendant’s rights to reasonable bail, as set forth under the Eighth Amendment of the Constitution of the United States, section 5 of article I of the New York State Constitution, and CPL 510.30.
RIGHT OF COMFROWTATIOH
The first issue is relatively easy to dispose of. The right of confrontation is generally defined to mean the right of the accused to hear witnesses testify against him and to cross-examine them. (United States v. Barracota, 45 F. Supp. 38.) The purpose of the confrontation clause of the Sixth Amendment is to advance practical concern for the accuracy of the truth-determining process in criminal trial, by assuring that the trier of the facts has a satisfactory basis for evaluating the truth of prior statements. (Dutton v. Evans, 400 U. S. 74.) The right of confrontation is basically a trial right (Barber v. Page, 390 U. S. 719) and due process does not require that an accused be afforded the right to confront and examine, at a preliminary hearing, all of the witnesses against him. (Merrill v. State, 423 P. 2d 686 [Alaska], cert. den. 386 U. S. 1040.)
This court has found no case authority sustaining the view that the right of confrontation accrues at so early a point-as *8 arraignment in a criminal proceeding, and accordingly finds that the pre-arraignment procedure does not violate the defendant’s Sixth Amendment rights.
RIGHT TO REASONABLE BAIL
The Court of Appeals in People ex rel. Klein v. Krueger (25 N Y 2d 497, 501) sets forth the factors that the court must consider in fixing bail: “ ‘ The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction
These criteria have been substantially incorporated in CPL 510.30. There is no question that .section 5 of article I of the New York State Constitution affords the protection against excessive bail to defendants charged with a State crime.
Bail fixing calls for an enlightened fact determination if we are to apply CPL 510.30. The People must make a “ showing of factual matters ’ ’ to support the factors on which they rely in their argument for a particular amount of bail. (People ex rel. Lobell v. McDonnell, 296 N. Y. 109.) If the court is not so enlightened, then fixing of bail is speculative.
The defendant alleges that under this procedure the court must indeed speculate. Oftentimes the facts will not support the crimes alleged in the complaint, and only the complainant or the arresting officer knows these facts. Even where the facts are sufficient to support the crime charged, the face of the complaint does not contain adequate detail for the purpose of fixing bail. These are facts which only the complainant or the arresting officer can supply. Facts sufficient to form an opinion of pedigree, the pecuniary and social condition of the defendant, his general reputation and character, cannot be ascertained from an accusatory instrument. More often than not the police officer and/or the complainant are the only sources of information on these vital factors.
But by far the most compelling reason that bolsters the defendant’s position is the failure of the court under the prearraignment procedure to glean from the bare accusatory instrument, or from the District Attorney’s or defense counsel’s statements, the nature and strength of the proof of the case against the defendant and the probability of his conviction. It cannot be determined, in the absence of the complainant and the officer, the apparent strength of the prima facie case, the *9 quality of the identification, the potential of illegal search, or some other material information which could he the basis for discretion. The court is fixing bail in a vacuum and a defendant may be detained under such bail because the Judge had no facts before him to indicate that the probability of conviction was slight. The maxim that justice is blind should not extend to the arraigning Magistrate if it abuses the rights of the defendant. Adequacy of information is the keynote of the successful administration of any system of bail (Pannell v. United States, 320 F. 2d 698) and may not be fixed by fiat. (People ex rel. Lobell v. McDonnell, 296 N. Y. 109, supra.)
Under these criteria, and under GPL 510.30, the court can come to only one logical conclusion, namely, that the pre-arraignment procedure now existing in Bronx County violates a defendant’s right to the granting of reasonable bail; does not conform with the requirements of GPL 510.30; and contradicts the mandate of the Court of Appeals in People ex rel. Klein v. Krueger (25 N Y 2d 497, supra) and is therefore an unconstitutional deprivation. If the court is uninformed in the bail-fixing process, reasonable bail cannot be set. The Legislature, in passing GPL 510.30, set forth standards so that the court can guide itself in being as objective as possible. The prearraignment procedure frustrates these guidelines by cutting bif from the court its main and most significant source of information upon which it must rely if it is to conform to the intent of the Legislature.
The People, without conceding that the defendant’s rights were violated, state in their brief (referring to the advantages of pre-arraignment): “ This public benefit so far outweighs any hypothetical minor inconvenience or prejudice to a defendant, that even were defendant prejudiced in any way * * * continuance of the present arraignment procedure would still be justified. When the public need is balanced against the inconvenience to a private citizen, and the public need is deemed paramount, it takes precedence, and the prerequisites of a private citizen must yield (citing Camara v. Municipal Court, 387 U. S. 523).”
After reading the Camara case, this court does not agree with the People’s contention that the Supreme Court reached that conclusion and certainly does not agree that it would apply to this case. If the defendant is subject to excessive bail, it is not a mere inconvenience; he is deprived of his liberty unlawfully. The Eighth Amendment of the United States Constitution says so, and he is born with this constitutional right and it *10 will be his until his death, and it never converts to the status of privilege which can be revoked in the name of ‘ ‘ public benefit The Fourteenth Amendment of the United States Constitution which denies the States the power to “deprive any person of life, liberty, or property, without due process of law” has constantly been a source of protection of the individual against the total benefit. The Supreme Court has constantly maintained the primacy of basic individual rights over public expediency. (See Mapp v. Ohio, 367 U. S. 643; Escobedo v. Illinois, 378 U. S. 478; Malloy v. Hogan, 378 U. S. 1; Chambers v. Florida, 309 U. S. 227; Blackburn v. Alabama, 361 U. S. 199.)
The fact is that society must exercise restraint consistent with the Constitution in prosecuting individuals for crime and depriving them of their liberty, because if society permits the erosion of basic rights of those who are charged with criminal activity, in the name of public benefit, the groundwork is then laid for a system of government which would open the door to a similar erosion of the rights of those who are totally innocent.
The defendant submits allegations which he contends cast great doubts on the efficacy of the pre-arraignment system, alleging, among other things, that its implementation adds to the congestion and hinders the administration of the criminal justice system. This court, through experience in presiding in the Arraignment Part in Bronx County, has also formed an opinion as to whether the system has succeeded in its aims. However, this is an administrative matter which is not relevant to the issues raised herein and is not the province of this court and will not be part of this opinion.
The People contend that the defendant lacks standing to make this motion. There is no question that the validity of a statute can only be challenged by one directly harmed by its application. (Kipp v. Incorporated Vil. of Ardsley, 205 N.Y.S. 2d 917, affd. 13 A D 2d 1012; Reif v. City of New York, 145 N.Y.S. 2d 69; Gold Sound v. City of New York, 195 Misc. 291.) Logically, this applies to regulation as well as a statute and the court is of the opinion that the People’s position is well taken in this regard. Assuming that the pre-arraignment procedure is unlawful, this particular defendant has suffered no personal harm or injury nor have his rights been prejudiced nor has he even been inconvenienced because of being arraigned; this court paroled the defendant on the two docketed matters pending the disposition of this motion and he has not been detained since the occasion of his original arraignment.
*11 The court is aware of the statutory and traditional limitation which imposes judicial restraint on courts of first instance and which stands for the proposition that such court should not exercise transcendent powers in declaring an act of the Legislature (and presumably a regulation of an administrative body) as unconstitutional. (It must be mentioned, however, that the section referred to, namely section 150, Book 1, Statutes, McKinney’s Consolidated Laws of New York, also includes the phrase “ except in rare cases involving life and liberty ”.)
The judicial restraint concept is a valid one and the court is aware that every effort should be made to avoid labeling an act of the Legislature (or here, a regulation) as unconstitutional. It is also apparent that, once having found a lack of standing, this court does not have the power in this case to grant the defendant the relief he seeks; indeed, even if standing were established, there is doubt that improper arraignment can vitiate a criminal proceeding. At best, the defendant’s rights would be limited to re-arraignment, which would serve no useful purpose to the defendant (since he would be re-arrested) or serve the interests of justice. Moreover, at this stage the issue is moot. It would seem that an article 78 proceeding or a writ of habeas corpus would be the proper vehicle to utilize if a defendant is improperly detained under the terms of this regulation, neither of which this court is empowered to entertain.
But the defendant alleges and puts into issue the pre-arraignment regulation which he contends abrogates a basic liberty. This court sincerely agrees with his contention, and therefore, must in good conscience, declare that suúh abrogation exists. To avoid such declaration, in view of the conclusions drawn from all the standards and criteria set forth herein, would not be judicial restraint; it would be avoidance of judicial responsibility. In a recent decision by Justice Sidney Fine of the Supreme Court, New York County, in the Matter of Posner v. Rockefeller (75 Misc 2d 875, 881), quoting Matter of Spillane v. Katz (25 N Y 2d 34), this principle is most clearly set forth: " A legislative usurpation does not change character when it is challenged by a stranger, and judicial restraint thereon remains a ‘ judicial function ’ not an ‘ intrusion ’ though undertaken at the call of one without a judicial stake.”
Motion to dismiss is denied for reasons as set forth herein.