OPINION OF THE COURT
George D. Covington, J.
In this multicount indictment in which the top count is attempted murder in the second degree, the People have made an application for a hearing pursuant to CPL 530.60 (subd 2) for the revocation of bail and remand of the defendant.
The defendant challenges this application as time barred under CPL 530.60 (subd 2, par [c]) which allows a court to commit to the custody of the Sheriff a defendant who has been at liberty on bail or an order of recognizance for an initial period not to exceed 72 hours pending the revocation hearing.
In this case of first impression this court is called upon to interpret this 72-hour provision of CPL 530.60 (subd 2, par [c]) and then, based upon that interpretation, determine *861 whether or not the provision is applicable to this defendant.
In resolving this issue an in-depth review of the facts which led up to the People’s request for a revocation hearing is mandated. They are the following: On August 1, 1981, the defendant, an 18-year-old male resident of Bronx County was arrested.[1] The defendant was arraigned on August 2, 1981, and bail was set. However he was unable to make bail and therefore he remained in custody. On August 8, 1981, the People were not prepared to proceed with their case, and the defendant was released on his own recognizance pursuant to CPL 180.80.[2]
While at liberty the defendant was rearrested on November 3, 1982, for criminal possession of a weapon in the third degree, an armed violent felony offense. On the day of arraignment the Assistant District Attorney under the instant indictment appeared before the arraigning Judge with the assistant who was handling arraignments on that day and attempted to apprise the court of the severity of the charges with which the defendant had been indicted.[3] The court refused to grant the assistant an opportunity to disclose this information and bail was set. Again the defen *862 dant was unable to make bail and he remained in custody. On November 9,1982 the defendant was again released on his own recognizance because of the People’s failure to go forward with their case.[4]
A true bill was returned on November 11,1982, charging the defendant with criminal possession of a weapon in the third degree. On that same day the defendant appeared and the People made an application to reinstate bail having this time been able to apprise the court of the prior pending charges. The court set bail and the defendant unable to make bail was remanded.
It was during this period that the instant indictment finally reached this court for trial and the People made their application for the within revocation of bail.
CPL 530.60 prior to its amendment (L 1981, ch 788, § 2) set forth the court’s power to re-evaluate bail and, if necessary, revoke an order of recognizance or bail. It read in pertinent part: “Whenever in the course of a criminal action or proceeding a defendant is at liberty as a result of *863 an order of recognizance or bail issued pursuant to this article, and the court considers it necessary to review such order, it may, and by a bench warrant if necessary, require the defendant to appear before the court. Upon such appearance, the court, for good cause shown, may revoke the order of recognizance or bail. If the defendant is entitled to recognizance or bail as a matter of right, the court must issue another such order. If he is not, the court may either issue such an order or commit the defendant to the custody of the sheriff.”
The amendment added subdivision 2 to CPL 530.60 which did not change the substance of the prior law but rather set forth the procedure and circumstances in which revocation would be permitted. Very specifically the subdivision provides for revocation only in those instances where a defendant is charged with a felony and, while at liberty as a result of bail or an order of recognizance there is reasonable cause to believe that he has committed a subsequent class A or violent felony offense. When the People make an application for a CPL 530.60 hearing, either at the felony hearing bn the latter offense, or at a subsequent time, the court must first make a determination as to whether the defendant meets the requirements of the statute. Once it is established that indeed the defendant has committed this latter felony offense while at liberty then a hearing is conducted at which time both parties are permitted to present evidence.[5] Since the latter felony offense occurred while the defendant was at liberty *864 he “may” be committed to the custody of the Sheriff pending a hearing but the period in which he may be held in custody is not to exceed 72 hours.
From a strict reading of CPL 530.60 (subd 2, par [c]) it logically follows that the permissive language of “may” by the Legislature gives the court discretion as to whether the defendant is to be held in custody pending the revocation hearing. It also emphatically makes clear that the only defendants that this provision is applicable to are those who are not in custody after having allegedly committed the latter offense. Therefore the chronology of events for a defendant under this subdivision should be as follows: A defendant is charged with a felony, during the pendency of that case and while at liberty on bail or an order of recognizance he commits a subsequent class A or violent felony and is again released on bail or an order of recognizance, a felony complaint is filed with respect to this subsequent felony and then the defendant may be taken into the custody of the Sheriff pending the revocation hearing. There is absolutely no provision in this subdivision that addresses those instances where a defendant is unable to make bail after bail has been set on the subse *865 quent offense and therefore remains in custody or is at liberty before or after this subsequent felony as a result of a legal technicality as in this case.[6]
In addressing this novel issue this court was compelled to go behind this recent enactment and search the Legislature’s intent in enacting this subdivision for a revocation hearing.
For a number of years the Legislature has labored over the issue of how to protect society from the repeat felony offender and simultaneously thwart constitutional attack of such a proposal as a preventive detention measure. (Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 530.60, p 42.) In an effort to reconcile this dilemma the Legislature sought to balance the interests of society with that of the defendant.
Preliminarily the authors established that it was to be the intent of this amendment to protect society, and that obligation would not arise until the defendant had committed a subsequent enumerated felony while felony charges were pending.[7]
In addressing the rights of the defendant under such an amendment the authors were in accord that the historical and primary purpose of bail was to insure the presence of the defendant at trial.[8] However, they were also cognizant of the fact that although the practice of preventive detention is prohibited it is commonly practiced under our present system under the guise of high bail.[9] Therefore in *866 an earnest effort to balance both interests the authors designed a very limited and narrow procedure for revocation.
The remand of the defendant is discretionary and is further limited by the 72-hour time constraint pending the revocation hearing. The hearing is in fact a full blown probable cause hearing which provides the defendant with the right to present evidence and cross-examine witnesses on the second felony.[10]
Upon a finding of reasonable cause that the defendant did in fact commit the second felony the result would be the revocation of bail or an order of recognizance and commitment. However, the defendant is afforded the additional safeguard of mandating a trial within 90 days of remand after revocation.[11] Thus it would appear from a strict reading of this amendment and its implementation that the Legislature has indeed accomplished their designed objectives without involving preventive detention or any other system of predicting future crime.[12]
In turning to the applicability of the 72-hour provision to this defendant it is the opinion of this court that the time constraint is not applicable in this case. As previously stated the language of CPL 530.60 (subd 2, par [c]) very *867 specifically permits the remand of a defendant for a period not to exceed 72 hours pending the hearing. However, in this case there was no need to remand the defendant for a hearing because he remained in custody after bail had been set as a result of his inability to make bail. Therefore it can safely be stated that this defendant’s remaining in custody for a period in excess of 72 hours from the time of the People’s request for this hearing and the date of this hearing, did not result, in a denial of due process or an infringement upon any constitutional right.[13]
For all the foregoing reasons the People’s application for a bail revocation hearing is granted, the hearing to be conducted forthwith.

. This arrest resulted in an indictment on October 8,1981, for attempted murder in the second degree, attempted robbery in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first and second degrees.

. CPL 180.80 provides in pertinent part that: “Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, either at the time of arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of such felony complaint, and who has been confined in such custody for a period of more than seventy-two hours without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance”. Here the People could not proceed with their case within the proscribed time period because of the victim’s hospitalization.

. It was the intention of the assistant to disclose this information so the arraigning Judge could consider it in the defendant’s application for bail under CPL 510.30 (subd 2). Subdivision 3 is a recent amendment which provides notice to a defendant at this stage of the proceedings of the consequences he faces under CPL 530.60 (subd 2) should he be charged with a subsequent class A or violent felony while at liberty on this charge. (L 1981, ch 788, § 1.)
CPL 510.30:
“2. To the extent that the issuance of an order of recognizance or bail and the terms thereof are matters of discretion rather than of law, an application is determined on the basis of the following factors and criteria:
*862 “(a) With respect to any principal, the court must consider the kind and degree of control or restriction that is necessary to secure his court attendance when required. In determining that matter, the court must, on the basis of available information, consider and take into account:
“(i) The principal’s character, reputation, habits and mental condition;
“(ii) His employment and financial resources; and
‘‘(in) His family ties and the length of his residence if any in the community; and
“(iv) His criminal record if any; and
“(v) His record of previous adjudication as a juvenile delinquent, as retained pursuant to section fifty-three-b of the family court act, or, of pending cases where fingerprints are retained pursuant to section seven hundred twenty-four-a of such act, or a youthful offender, if any; and
“(vi) His previous record if any in responding court appearances when required or with respect to flight to avoid criminal prosecution; and
“(vii) If he is a defendant, the weight of the evidence against him in the pending criminal action and any other factor indicating probability or improbability of conviction; or in the case of an application for bail or recognizance pending appeal, the merit or lack of merit of the appeal; and
“(viii) If he is a defendant, the sentence which may be or has been imposed upon conviction * * *
“3. When bail or recognizance is ordered, the court shall inform the principal, if he is a defendant charged with the commission of a felony that the release is conditional and that the court may revoke the order of release and commit the principal to the custody of the sheriff in accordance with the provisions of subdivision two of section 530.60 of this chapter if he commits a subsequent felony while at liberty upon such order.”

. See n 2. This time the People could not proceed with their case because they did not have a ballistics report from the police laboratory.

. The amendment to CPL 530.60 provides:
“2. (a) Whenever in the course of a criminal action or proceeding a defendant charged with the commission of a felony is at liberty as a result of an order of recognizance or bail issued pursuant to this article it shall be grounds for revoking such order that the court finds reasonable cause to believe the defendant committed one or more specified class A or violent felony offenses while at liberty. Before revoking an order of recognizance or bail pursuant to this subdivision, the court must hold a hearing and shall receive any relevant, admissible evidence not legally privileged. The defendant may cross-examine witnesses and may present relevant, admissible evidence on his own behalf. Such hearing may be consolidated with, and conducted at the same time as, a felony hearing pursuant to article one hundred eighty of this chapter. A transcript of testimony taken before the grand jury upon presentation of the subsequent offense shall be admissible as evidence during the hearing. The district attorney may move to introduce grand jury testimony of a witness in lieu of that witness’ appearance at the hearing.
*864 “(b) Revocation of an order of recognizance or bail and commitment pursuant to this subdivision shall be for the following periods, either:
“(i) For a period not to exceed ninety days exclusive of any periods of adjournment requested by the defendant; or
“(ii) Until the charges contained within the accusatory instrument have been reduced or dismissed such that no count remains which charges the defendant with commission of a felony; or
“(iii) Until reduction or dismissal of the charges contained within the accusatory instrument charging the subsequent offense such that no count remains which charges the defendant with commission of a class A or violent felony offense.
“Upon expiration of any of the three periods specified within this paragraph, whichever is shortest, the court may grant or deny release upon an order of bail or recognizance in accordance with the provisions of this article. Upon conviction to an offense the provisions of article five hundred thirty of this chapter shall apply.
“(c) Notwithstanding the provisions of paragraph (a) of this subdivision a defendant, against whom a felony complaint has been filed which charges the defendant with commission of a class A or violent felony offense committed while he was at liberty as specified therein, may be committed to the custody of the sheriff pending a revocation hearing for a period not to exceed seventy-two hours. An additional period not to exceed seventy-two hours may be granted by the court upon application of the district attorney upon a showing of good cause or where the failure to commence the hearing was due to the defendant’s request or occurred with his consent. Such good cause must consist of some compelling fact of circumstance which precluded conducting the hearing within the initial prescribed period.”

. Such a technicality would be released under CPL 180.80.

. There was discussion that “approximately 20% of the felonies, serious crimes, are committed by persons who are out on bail or their own recognizance” (NY State Assembly, Record of Proceedings, Assembly Bill No. 10,773, p 1A-11 [1981]).
The authors also distinguished this bill from past approaches. It was stated: “that obligation to protect the community comes after the second bite of the apple, because we are predicting you will do it because you really did it, or we are reasonably assured that you did it.” (Id., p 1A-14.)

. Stack v Boyle, 342 US 1; People ex rel. Shapiro v Keeper of City Prison, 290 NY 393.

. US Const, 8th Arndt. Once it is determined that a defendant has a right to bail, the amount of bail set must be no more than to guarantee his presence at trial. (See People ex rel. Lohell v McDonnel, 296 NY 109.) As stated by a legislator at the Assembly, *866 “under the existing system our judges quite commonly practice preventive detention. They set a high bail or deny bail quite commonly for people who they think not who are risks of not returning but people they think are dangerous * * * the judge does not have to say that on the record and does not have to prove it, and there is no way for * * * to challenge it.” (NY State Assembly, Record of Proceedings, Assembly Bill No. 10,773, pp 1A-7,1A-15; see, also, the statutory criteria which the court must consider in determining bail status which provides such latitude in setting bail; CPL 510.30, see n 3.)

. This aspect of the amendment protects the defendant’s Fifth and Sixth Amendment rights against self incrimination and of confrontation. (US Const, 5th & 6th Arndts.) In effect this hearing provides the defendant with the opportunity of forcing the People to prove that there is enough evidence against him to proceed to trial and may, in a given instance, result in the reduction of charges where warranted.

. See CPL 530.60, subd 2, par [b], cl [i]. It should be noted that this provision of the amendment brings into play CPL 30.30 (subd 2, par [a]) which requires a speedy trial within 90 days rather than the six-month rule where the accused has been released.

. The primary argument by the critics of this amendment is that this is no more than another attempt at preventive detention and therefore unconstitutional. See letters from New York Civil Libertiés Union, New York State Defenders Association, Inc., the Legal Aid Society, ánd New York State Coalition for Criminal Justice sent to the counsel to the Governor before the signing of this legislation (June, July, 1981).

. This court notes that preliminarily this defendant was recognized to be the type of individual this amendment addressed and therefore there was no need to reiterate that finding in the body of this opinion.